# UNITED STATES v. FIDELITY TRUST COMPANY.

## APPEAL FROM THE COURT OF CLAIMS.

No. 280.    Argued November 15, 1911.—Decided December 4, 1911.

A legacy to pay over net income to the legatee in periodical payments during the legatee's life on which the legatee has received several payments of income is not a contingent beneficial interest, but a vested life estate; and taxes paid on the value of such a legacy under the War Revenue Act of June 13, 1898, c. 448, 30 Stat. 448, 464, cannot be recovered under § 3 of the act of June 27, 1902, c. 1160, 32 Stat. 406. *Vanderbilt* v. *Eidman*, 196 U. S. 480, distinguished.

Congress will be presumed to use familiar legal expressions in their familiar legal sense.

45 Ct. Cls. 362, reversed.

THE facts are stated in the opinion.

*Mr. Assistant Attorney General Harr*, with whom *The Solicitor General* was on the brief, for the United States.

*Mr. Paul Fuller*, with whom *Mr. Barry Mohun* was on the brief, for appellees.

*Mr. A. R. Serven, Mr. H. T. Newcomb, Mr. Morris F. Frey* and *Mr. R. W. Joyce* also filed a brief for appellees.

*Mr. George P. Montague*, by leave of court, filed a brief as *amicus curiæ*.

*The Attorney General*, with whom *Mr. Barton Corneau* was on the brief, in opposition to motion to dismiss or affirm.

Mr. JUSTICE HOLMES delivered the opinion of the court.

This is a suit to recover a portion of a succession tax paid under the act of June 13, 1898, c. 448, 30 Stat. 448,

464; the action being based on the act of June 27, 1902, c. 1160, § 3, 32 Stat. 406, which provides for refunding "so much of said tax as may have been collected on contingent beneficial interests which shall not have become vested prior to July first, nineteen hundred and two.". The petitioner, appellee, was residuary legatee under a will, in trust to hold the fund 'either as at present invested or in such securities as to my said trustee may be deemed safe,' and to pay over the net income to the testator's niece 'in quarterly payments during all the period of her natural life.' On June 8, 1900, the appellee made a return to the collector of internal revenue, stating that the value of the residuary estate was $120,303.94, and that of a specific legacy of silverware &c. to the niece, $500. With the aid of mortuary tables, the rate of interest being assumed to be four per cent, the clear value of the legacies to the niece was fixed at $74678.68, and an inheritance tax of $5600.90 was assessed upon it, which was paid on August 16, 1900. Up to July 1, 1902, the date fixed by the statute, the petitioner had paid to the niece $17027.59 income from the residue, and had delivered to her the specific legacy valued at $500. The tax on these sums at the rate of taxation was $1314.59, which, deducted from the whole tax paid, leaves $4286.31, to recover which this suit is brought. The appellees had judgment in the Court of Claims. 45 C. Cls. 362.

The words 'which shall not have become vested,' quoted above, mean the same as 'absolutely vested in possession or enjoyment' in a later clause ending the tax on contingent interests unless so vested before July 1, 1902. *Vanderbilt* v. *Eidman*, 196 U. S. 480, 500. On this ground it is argued at great length that only so much of the life interest of the niece as she had received before the date mentioned had vested in the sense of the clause. We are of opinion that this argument cannot be maintained. The interest of the niece was not a contingent right to income as

it should accrue in her lifetime, it was a vested life estate in a fund, changing in investment at the discretion of the trustee, but retaining its equitable identity. Objections like those that are made to treating a life estate as a present unity in the enjoyment of the life tenant might be made to the similar treatment of absolute ownership in fee. In actual life a fee can be enjoyed only minute by minute, but, although eternal in theory of law, by the same theory at every moment it is all and wholly in the owner's hands. The statute does not invite speculation in a new nomenclature, or attempt to reach profounder conceptions than those familiar to the law. When it speaks of interests absolutely vested in possession we presume that it uses familiar legal expressions in their familiar legal sense. It deals in terms with the interest, that is, the legal unit of right, not with the money received before a given moment. No better example of such an interest could be given than a life estate in a fund, the enjoyment of which actually has begun; none that more clearly and absolutely excludes the qualification 'contingent' in the sense of the law. *Vanderbilt* v. *Eidman*, 196 U. S. 480, concerned a life estate in remainder, which, whether the remainder was technically vested or contingent, *Ibid.* 501, 502, was not vested in possession or enjoyment. It was assumed that the tax was payable in a case like this. *Ibid.* 488, 495.

*Decree reversed.*