MUENTER, Collector of Internal Revenue, v. UNION TRUST CO. et al.

(Circuit Court of Appeals, Ninth Circuit. April 1, 1912.)

INTERNAL REVENUE (§ 8*)—LEGACY TAXES—VESTED INTEREST.

A legacy in trust to a trustee, who is to pay the net income to the legatee for a term of years until distribution, creates a vested interest in the beneficiary in such income for the term, which is assessable under War Revenue Act June 13, 1898, c. 448, § 29, 30 Stat. 464, as amended by Act March 2, 1901, c. 806, § 10, 31 Stat. 946 (U. S. Comp. St. 1901, p. 2307), and supplemented by Act June 27, 1902, c. 1160, § 3, 32 Stat. 406 (U. S. Comp. St. Supp. 1911, p. 983), if it became vested before July 1, 1902, and amounted to $10,000.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 11, 12; Dec. Dig. § 8.*

Internal revenue tax on legacies, inheritance and transfers, see note to Ward v. Sage, 108 C. C. A. 417.]

In Error to the Circuit Court of the United States for the Northern District of California.

Actions by the Union Trust Company, as trustee, and others, by Eleanor Campbell O'Kelley, executrix, by Henry Rosenfeld and others, trustees, by George D. Bliss, Jr., executor, and by Alfred Friederich and others against August E. Muenter, Collector of Internal Revenue. Judgments for plaintiffs and defendant brings error. Reversed in the first two cases and remaining cases affirmed.

Robert T. Devlin, U. S. Atty., and Earl H. Pier, Asst. U. S. Atty., for plaintiff in error.

Marshall B. Woodworth and Edward Lande, for defendants in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. Five causes are presented upon writs of error from this court; each presenting the question of law whether the legacies involved in each were subject to taxation under the Spanish-American War Tax Act prior to July 1, 1902, the date of the repeal of the act. In the first case, Muenter v. Union Trust Company et al., the record shows that John J. Valentine died on December 21, 1901, leaving a last will and testament which was duly pro-

bated, under which a decree of distribution was made, distributing the property in accordance with the provisions of the will; the residue of the estate being distributed to the Union Trust Company of San Francisco, as trustee, to be held in trust for the benefit of the seven children of the deceased until the youngest child should attain majority, which will be on May 7, 1920. The amounts of the legacies varied from $17,502.91, the lowest, to $35,676.41, the highest, and it is obvious that the income of each thereof, which according to the will is to be paid to the beneficiaries, will, during the lifetime of the trust, exceed the sum of $10,000.

In the second case, Muenter v. O'Kelley, it appears that Allen G. Campbell died on June 16, 1902, leaving a last will and testament which was duly probated, and that, in accordance with the provisions of that will, personal property, consisting principally of shares of stock in various corporations, was bequeathed to the widow of the testator in trust, to hold the same for her three children until the youngest should reach the age of 21 years, which would be in 1921, but the income of said property was to go to the trustee, to be used for her own support and the support and education of the children as she might deem proper.

In the third case, Muenter v. Rosenfeld, the testator, John Rosenfeld, died on May 28, 1902, leaving a will which was duly probated, under which his estate was distributed. There were six legacies of $57,965.55 each, to be held in trust, the income thereof to be paid to the beneficiaries for a period of 11 years, provided some one of the children and beneficiaries therein named should so long survive, otherwise the trusts to terminate upon the death of the last surviving of the said children and beneficiaries. The trust expires on May 28, 1913.

In the fourth suit, Muenter v. Bliss, personal property was left to certain trustees to be held in trust for the benefit of one Harriet L. Herrmann so long as she should remain the wife of the man who was then her husband, the income in the meantime to be paid to her. At the time of the levy of the tax in question, and at the time of the trial in the court below, she was still the wife of Herrmann.

In the fifth case, Muenter v. Friederich, money was distributed to two trustees to be held in trust for the benefit of four legatees in the sum of $14,428.78 for each until the youngest should attain the age of 21 years. The trust expired August 2, 1904. During the term of the trust the income of each legacy obviously could not amount to $10,000.

The question presented in the court below was whether the personal property and legacies left under the terms of the respective wills to the trustees, in trust for the respective beneficiaries, were contingent beneficial interests, or whether the property in each case vested absolutely in possession or enjoyment, and thereby became subject to the tax within the meaning of Act Cong. June 13, 1898, 30 Stat. 448, as amended by Act March 2, 1901, 31 Stat. 946, and supplemented by Act June 27, 1902, 32 Stat. 406, and as affected by Act April 12, 1902, c. 500, 32 Stat. 96 (U. S. Comp. St. Supp. 1911, p. 978), repealing the former acts, the repeal to take effect on July 1, 1902.

In each case the legacies had been assessed for the gross amount thereof and the taxes had been paid under protest, and in each case the action had been brought by the respective defendants in error to recover the amount so paid on the ground that the tax had been unlawfully imposed and collected. The court below held that the legacies were contingent beneficiary interests and not vested, and rendered judgments for the defendants in error on the authority of Vanderbilt v. Eidman, 196 U. S. 480, 25 Sup. Ct. 331, 49 L. Ed. 563, and the decision of this court in Lynch v. Union Trust Co., 164 Fed. 161, 90 C. C. A. 147, and other cases. The legacies having been assessed in gross and upon the theory that the interests were vested, the decision in Vanderbilt v. Eidman was deemed applicable. But in the recent case of United States v. Fidelity Trust Co., 222 U. S. 158, 32 Sup. Ct. 59, 56 L. Ed. ——, decided December 4, 1911, it was held that a legacy of property in trust to a trustee who was to pay the net income to the legatee in periodical payments during the latter's life is not a contingent interest, but a vested estate for life, and that it was assessable under the War Revenue Act of June 13, 1898, upon its value as ascertained with the aid of mortuary tables. On principle we think there can be no distinction between the estate of the beneficiary of such income of a legacy for life and that of the beneficiary of such income for a term of years, and on the authority of the decision last cited we must hold that in the case of Muenter v. Union Trust Co., and the case of Muenter v. Rosenfeld, the rights of the beneficiaries to receive the income of the legacies were rights which were vested at the time of the assessments which were made thereon and were subject to the War Revenue Tax, and assessable, not upon the gross amount of the legacies, but upon the value of the rights to receive the annual income as determined in United States v. Fidelity Trust Co., supra. A complication arises from the fact that the defendants in error in framing the issues, relying as they did upon the proposition that the legacies were contingent, and not vested, and had been assessed at their gross value as if vested, did not question the assessments on the ground that the legacies had been overvalued, but, on the contrary, expressly acquiesced in the estimate "for the purposes of this action." We think they should not be precluded by those admissions from availing themselves of their just defenses to the assessments. In the case of Muenter v. O'Kelley we find no error in the decision of the court below, for in that case the income was not to go to the beneficiaries, but was to go to the trustee to be used for purposes expressed in the instrument. In the case of Muenter v. Bliss, in which the income was to be paid to Harriet L. Herrmann as long as she remained the wife of her husband, the estate in the income is too uncertain to admit of measurement in value, and in the case of Muenter v. Friederich it is apparent that the income of the legacies will be far below the sum of $10,000. In the three cases last mentioned the judgments of the court below are affirmed, in the other two cases the judgments are reversed, and the cases are remanded to the District Court, with leave to the parties to amend their pleadings and for further proceedings.