McCOACH v. PRATT et al. (Circuit Court of Appeals, Third Circuit. January 21, 1913.) No. 86. In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania; John B. McPherson, Judge. Action by Dundas F. Pratt and others, as executors of the last will of Ferdinand J. Dreer, against William McCoach, Collector of Internal Revenue for the First Collection District of Pennsylvania. Judgment for plaintiffs, and defendant brings error. Affirmed. Jasper Yeates Brinton, of Philadelphia, Pa., for plaintiff in error. Ezekiel Hunn, Jr., of Philadelphia, Pa., for defendants in error. Before GRAY and BUFFINGTON, Circuit Judges, and RELLSTAB, District Judge.

PER CURIAM. In the court below the defendants in error, as executors of the last will and testament of Ferdinand J. Dreer, deceased, brought their action against the plaintiff in error, as collector of internal revenue for the First district of Pennsylvania, to recover certain taxes claimed under sections 29 and 30 of the so-called "War Revenue Act" of June 13, 1898 (30 Stat. 464, 465, c. 448 [U. S. Comp. St. 1901, pp. 2307, 2308]), and paid to the plaintiff in error, collector as aforesaid, under protest. The learned counsel for the government in the opening paragraph of his brief says: "The govern-

ment frankly concedes that on its facts the present case falls within the decision of this court in the case of Disston v. McClain, 147 Fed. 114, 77 C. C. A. 340 (1906)." And the court below in rendering judgment for the plaintiffs for want of sufficient affidavit of defense makes the same statement. It is contended, however, by counsel for the government that the opinion of the Supreme Court of the United States in the recent case of United States v. Fidelity Trust Co., 222 U. S. 158, 32 Sup. Ct. 59, 56 L. Ed. 137, rendered since the decision above referred to, "invites a reconsideration and modification of the views heretofore expressed by this court in respect to the single point now in controversy." The suit in the case just referred to was brought to recover a portion of a succession tax paid under Act June 13, 1898, c. 448, 30 Stat. 448, 464, the action being based on Act June 27, 1902, c. 1160, § 3, 32 Stat. 406 (U. S. Comp. St. Supp. 1911, p. 983), which provides for refunding "so much of said tax as may have been collected on contingent beneficial interests which shall not have become vested prior to July 1st, 1902." The question before the court was whether a legacy to pay over net income to the legatee in periodical payments during the legatee's life, on which the legatee had received several payments of income, was or was not a contingent beneficial interest, or a vested life estate, within the meaning of the Refunding Act.

In the case of Disston v. McClain, supra, as in the present case, this court was concerned with what was to be considered a "legacy" or "distributive share" under sections 29 and 30 of the War Revenue Act of June 30, 1898, and not with the interpretation of "contingent beneficial interests which shall not have become vested prior" to a certain date, as in the case lately before the Supreme Court. The Disston Case was the subject of a petition by the government to the Supreme Court for a writ of certiorari, which petition was refused. Though the questions in the two cases are not unrelated, a careful reading of the opinion of the Supreme Court does not convince us that they are identical, either in form or substance. We do not feel called upon, therefore, to reconsider or modify the opinion expressed by us in Disston v. McClain, and in conformity with our opinion in that case we affirm the judgment of the court below.