MUENTER, Collector of Internal Revenue, v. BLISS.

(Circuit Court of Appeals, Ninth Circuit. October 6, 1913.)

No. 2,034.

INTERNAL REVENUE (§ 8*)—LEGACY TAX.

Testator bequeathed certain property to trustees to hold for his daughter so long as she continued to be the wife of H. and to pay over to her the rents annually, the income thereof, after deducting the expenses of managing, the trust to terminate whenever she ceases to be the wife of H., and if the daughter ceased to be the wife of H. before her death then the trust property should vest in her in fee simple, and if not it should vest in fee in such of her children as should survive her. The corpus of the legacy was not vested prior to the repeal of the War Revenue Act (Act June 13, 1898, c. 448, § 29, 30 Stat. 464, as amended by Act March 2, 1901, c. 806, § 10, 31 Stat. 946 [U. S. Comp. St. 1901, p. 2307], and supplemented by Act June 27, 1902, c. 1160, § 3, 32 Stat. 406 [U. S. Comp. St. Supp. 1911, p. 983]), and the court found that the income of the bequest had not amounted to $10,000 at the date of such repeal. *Held*, that the daughter did not have a vested interest in the life estate, her interest in the income being subject to a contingency that she might cease to be the wife of H.; but nevertheless, it appearing that her interest in the income did not amount to $10,000, it was not taxable.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 11, 12; Dec. Dig. § 8.*

Internal revenue tax on legacies, inheritance, and transfers, see note to Ward v. Sage, 108 C. C. A. 417.]

In Error to the District Court of the United States for the Northern District of California; William B. Gilbert, Judge.

Action by George D. Bliss, as executor of the will of George D. Bliss, deceased, against August E. Muenter, as Collector of Internal Revenue of the United States for the First Collection District of California. Judgment for plaintiff (Muenter v. Union Trust Co., 115 C. C. A. 390, 195 Fed. 480), and defendant brings error. Affirmed.

John L. McNab, U. S. Atty., and Earl H. Pier, Asst. U. S. Atty., both of San Francisco, Cal., for plaintiff in error.

Marshall B. Woodworth and Edward Lande, both of San Francisco, Cal., for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. A rehearing was ordered in this case upon the question whether the income payable to Harriet L. Hermann under a bequest of $14,872.26 in trust for her benefit was of such value as to be taxable under the provisions of the Act of Congress of June 13, 1898, c. 448, § 29, 30 Stat. 464, as amended by Act March 2, 1901, c. 806, § 10, 31 Stat. 946 (U. S. Comp. St. 1901, p. 2307), and supplemented by Act June 27, 1902, c. 1160, § 3, 32 Stat. 406 (U. S. Comp. St. Supp. 1911, p. 983). The value of the legacy thus left in trust, the income whereof was payable to Mrs. Hermann, was assessed by the Collector of Internal Revenue at its face value, and a legacy tax of $111.54 was imposed thereupon and collected. The court below

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

entered a judgment in favor of the executor for the repayment of that sum. The provisions of the will by which the bequest was made are as follows:

"(1) To hold the same in trust for my daughter, Harriet L. Hermann, so long as she continues to be the wife of said George Hermann. (3) To pay over to my said daughter annually, the rents, issues, profits and income thereof, after deducting the expenses of managing, controlling and operating the same. Said trust shall terminate whenever my said daughter ceases to be the wife of said George Hermann. If my said daughter shall cease to be the wife of said George Hermann before her death, then, and in that event, the property embraced in said trust, shall vest in fee simple absolute to my daughter Harriet L. Hermann. In case my said daughter dies while she is the wife of said George Hermann, then, and in that event, the property embraced in said trust shall vest in fee simple in such children of my said daughter as shall survive her, share and share alike."

The corpus of the legacy had not vested prior to July 1, 1902, the date of the repeal of the War Revenue Act, and so far as the record shows it has not yet vested, and Harriet L. Hermann is still the wife of George Hermann. It was the finding of the court below that the income of the bequest had not amounted to the sum of $10,000 at the time of the repeal of the War Revenue Act, and, indeed, in the absence of such a finding, this court may properly take judicial notice that in the ordinary course of business no such income could have resulted from the sum invested. In United States v. Fidelity Trust Co., 222 U. S. 158, 32 Sup. Ct. 59, 56 L. Ed. 137, it was held that a legacy to pay over net income to a legatee during her life, and on which she has received several payments, is not a contingent beneficial interest but a vested life estate and taxable on its value as' such. We do not think it can properly be said, however, that the legatee in the case at bar had a vested interest in a life estate. Her interest in the income was subject to the contingency that she might cease to be the wife of George Hermann. But, assuming that she had a vested interest in what is equivalent to a life estate in the income from the legacy, and applying to the case the aid of mortuary tables as was suggested by United States v. Fidelity Trust Co., it still does not appear that her vested interest in the income would amount to the sum of $10,000 so as to be taxable under the War Revenue Act.

The judgment of the court below is affirmed, with costs in favor of the defendant in error and against the plaintiff in error.