ROSENFELD et al. v. SCOTT, Collector of Internal Revenue.

(District Court, N. D. California, Second Division. May 8, 1916.)

No. 14,615.

1. INTERNAL REVENUE ☞38—TRANSFER TAXES—RECOVERY OF TAX PAID. ·

Where the corpus of legacies under a will have not vested, and are not subject to tax in gross under War Revenue Act June 13, 1898, c. 448, 30 Stat. 448, but the present value of the rights given the beneficiaries to receive the income of the legacies is taxable, the remedy given by Refunding Act June 27, 1902, c. 1160, § 3, 32 Stat. 406, authorizing the Secretary of the Treasury to refund so much of a tax paid by an executor,

administrator, or trustee as may have been collected on contingent beneficial interests, which should not have become vested prior to July 1. 1902, is available to the trustees under the will in question, who have paid the tax on the entire corpus of legacies, for the recovery of the excess over the tax due on the value of the annual income.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 83, 84; Dec. Dig. ☞38.]

2. INTERNAL REVENUE ☞8—TRANSFER TAX—AMOUNT.

Under a will creating a trust to continue for 11 years, during which period the beneficiaries were to receive the annual income, and at its expiration they were to receive the principal or corpus of their respective legacies, the vested interest of each of the beneficiaries subject to the war revenue tax is the income for life, not merely for the term of 11 years.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 11, 12; Dec. Dig. ☞8.]

At Law. Action by Louis Rosenfeld and others, as trustees under the last will and testament of John Rosenfeld, deceased, against Joseph J. Scott, Collector of Internal Revenue. Judgment for plaintiffs.

Marshall B. Woodworth, of San Francisco, Cal., for plaintiffs.

John W. Preston, U. S. Atty., and Annette Abbott Adams, Asst. U. S. Atty., both of San Francisco, Cal., for defendant.

VAN FLEET, District Judge. On the former trial this court held that the interests upon which the tax was assessed and collected were entirely contingent, beneficial interests, not vested in possession and enjoyment, and hence, under the doctrine of Vanderbilt v. Eidman, 196 U. S. 480, 25 Sup. Ct. 331, 49 L. Ed. 563, and other cases following it, were not subject to tax under the War Revenue Act, and that the tax was illegal and void. Judgment was accordingly given for the recovery of the entire tax. The Circuit Court of Appeals, while sustaining the view of this court that the corpus of the legacies under the will of John Rosenfeld had not vested at the time of assessment, and were not subject to the tax in gross, held that, under the principle announced in the later case of United States v. Fidelity Trust Co., 222 U. S. 158, 32 Sup. Ct. 59, 56 L. Ed. 137 (decided pending the appeal), the rights given the beneficiaries by the will to receive the income of the legacies "were rights which were vested at the time of the assessments which were made thereon and were subject to the war revenue tax, and assessable, not upon the gross amount of the legacy, but upon the value of the rights to receive the annual income," and the case was accordingly remanded for further proceedings, with a right in the plaintiffs to amend their complaint accordingly.

Having amended their pleading to conform to the changed aspects of the case and meet the views of the Court of Appeals, the plaintiffs at the present trial have proceeded on the same theory as at the first, that their right of recovery remains under section 3 of the Refunding Act of June 27, 1902, and made their case accordingly. That section provides:

"That in all cases where an executor, administrator, or trustee shall have paid, or shall hereafter pay, any tax upon any legacy or distributive share of

personal property under the provisions of the act approved June 13, 1898, entitled 'An act to provide ways and means to meet war expenditures, and for other purposes,' and amendments thereof, the Secretary of the Treasury be, and he is hereby, authorized and directed to refund, out of any money in the treasury not otherwise appropriated, upon proper application being made to the Commissioner of Internal Revenue, under such rules and regulations as may be prescribed, so much of said tax as may have been collected on contingent beneficial interests which shall not have become vested prior to July first, nineteen hundred and two." 32 Stat. 406.

[1] The defendant strenuously contends that the theory upon which plaintiffs have proceeded is erroneous; that, under the decision of the Circuit Court of Appeals, that section furnishes no basis for recovery; that the court, having held that, to the extent of the annual income, the rights given plaintiffs under the will were vested rights, it results that the tax collected must be regarded as one involving a mere overvaluation of such vested interests, and that the right of the plaintiffs to recover, if at all, is governed by the provisions of sections 3226, 3227, and 3228 of the Revised Statutes (Comp. St. 1913, §§ 5949, 5950, 5951), to the requirements of which the plaintiffs' proofs have not conformed.

But I am of opinion that this contention involves a misapprehension of the remedial scope of section 3 and a failure to fully appreciate what the Refunding Act was intended to accomplish. Its evident purpose was, as an act of justice by the government, to provide a means to restore to the citizen moneys to which the government was not entitled, but which he had been required to pay, by reason of a misconstruction by the revenue officers of the provisions of the War Revenue Act, and as to the recovery of which the existing statutes afforded no adequate remedy; and that it was intended to cover all instances where, as a result of the administration of that act, taxes had been to any extent illegally or unjustly assessed and collected is, I think, from its comprehensive language, quite obvious. By its very terms it contemplates that the tax may have been to some extent properly assessed, as being based upon a vested interest, and hence the provision that only to the extent that it exceeds such basis shall it be refunded; that is, "*so much* of said tax as may have been collected on contingent, beneficial interests which shall not have become vested."

The present case falls clearly within the scope of the act. It matters not whether we say the assessment was erroneous, because an overvaluation of vested interests, or because one made wholly upon interests which had not vested. Either is within the wrong Congress intended to redress, and both are equally within the remedial provision of the statute. Nor does the decision of the Circuit Court of Appeals operate to take the case out of the provisions of this act. That court clearly indicates by its opinion that, while the tax as assessed was in part based upon vested rights subject to the Revenue Act, it covered interests which were not so vested, and that, as to such excess, plaintiffs should be entitled in this action to recover.

This construction is in harmony with that of the Department of Justice. In his opinion rendered to the Secretary of the Treasury for his guidance as to the scope and purpose of the act of June 27, 1902, the learned Attorney General says:

"The provisions of the act are special, and apply to a particular class of obligations against the government. Being special, these claims are not governed by the provisions of the prior general statute. R. S. § 3228. Suits brought to recover money due under this act are not actions for the recovery of taxes, but for money held by the government in trust for the benefit of the parties to whom it rightfully belongs. The act, by its terms, creates and acknowledges the obligation of the government. A method is prescribed by which each party can secure the money belonging to him whenever he wishes it. No time has been fixed by any rule of the Secretary of the Treasury, which has been called to my attention, within which a claimant must apply for it, or after which the money is forfeited to the government. It is, therefore, an obligation payable on demand, and the statute of limitations does not begin to run until there has been a refusal to pay, or something equivalent thereto. United States v. Wardwell, 172 U. S. 48, 19 Sup. Ct. 86, 43 L. Ed. 360. It will be observed that under the provisions of this statute Congress has granted a right of repayment, regardless of any conditions that may have heretofore operated as a bar to such repayment. The statute is an acknowledgment by Congress of a supposed moral obligation; a provision as a bounty of the government. Whether or not the taxes were originally paid under protest is eliminated, and the question of voluntary or involuntary payment is immaterial." 26 Ops. Attys. Gen. 194.

See, also, Thacher v. United States (C. C.) 149 Fed. 902.

[2] The question as to the extent of the vested interests remains. The will of Rosenfeld creating a trust to continue for 11 years, during which period the beneficiaries were to receive the annual income, and at its expiration the principal or corpus of their respective legacies, plaintiffs contend that, under these provisions, the vested right of each subject to the tax was on the income for the definite term of 11 years; defendant, on the other hand, contending that the vested interests of each was to the income for life, since necessarily, under the terms of the will, the beneficiaries would have and enjoy the income not only during the trust, but thereafter during their lives. The latter is, I think, the correct construction. It is not a case where, at the termination of the trust period, the right to receive the income might, on the happening of some contingency, pass to some one other than the beneficiary, but where, by the vesting of the corpus of the legacy at the termination of that period the right to the income would still remain for life.

The total tax assessed and collected on the gross amount of the legacies given by the will was $4,062.90, which included a tax of $150 on a legacy to Margitta Fisher, not here in controversy. The tax on the legacies here in question was, therefore, $3,912.90. The evidence shows that the tax properly assessable on the rights of these beneficiaries was $2,480.71. The excess tax is thus represented by the difference between the latter sum and the sum of $3,912.90 actually collected, or $1,432.19, for which latter sum the plaintiffs are entitled to judgment, with interest at the legal rate from the date of payment, and for their costs.

Let judgment be entered accordingly.