ROSENFELD v. SCOTT, Collector of Internal Revenue.

(Circuit Court of Appeals, Ninth Circuit.   August 6, 1917.)

No. 2846.

INTERNAL REVENUE ☞8—WAR REVENUE TAX—VESTED INTERESTS—"CONTINGENT BENEFICIAL INTEREST."

Under the will of a testator, who died in May, 1902, leaving a fund in the hands of trustees, the income of which was to be paid for 11 years to beneficiaries named, who were then to receive the principal, if living, the interest of such beneficiaries in the fund, beyond that in the income for the trust period of 11 years, was a contingent beneficial interest, which did not become vested prior to July 1, 1902, within the meaning of Act June 27, 1902, c. 1160, § 3, 32 Stat. 406, and under such act any tax paid thereon under War Revenue Act June 13, 1898, c. 448, 30 Stat. 448, § 29, is recoverable.

In Error to the District Court of the United States for the Second Division of the Northern District of California; Wm. C. Van Fleet, Judge.

Action by Henry Rosenfeld, as sole surviving trustee of the trust created by the will of John Rosenfeld, deceased, against Joseph J. Scott, Collector of Internal Revenue, to recover taxes paid under Act June 13, 1898. Judgment for plaintiff, who brings error. Reversed.

For opinion below, see 232 Fed. 509.

Marshall B. Woodworth, of San Francisco, Cal., for plaintiff in error.

John W. Preston, U. S. Atty., and Annette Abbott Adams, Asst. U. S. Atty., both of San Francisco, Cal., for defendant in error.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

MORROW, Circuit Judge. John Rosenfeld died on May 28, 1902. He left personal property in the state of California. His will provided for the creation of a trust fund out of this property for the benefit of his six children, and appointed trustees to administer the trust, the income of which was to be paid by the trustees to the beneficiaries for a period of 11 years. The will further provided:

"At the end of the said period of eleven years, or upon the death of the last surviving of my said children, whichever shall first occur, then the whole of the trust property remaining on hand shall be distributed in equal shares among my six children."

The six legacies mentioned in the will were assessed by the then collector of internal revenue upon the theory that under the provisions of the War Revenue Act of June 13, 1898 (30 Stat. 448), as amended by the act of March 2, 1901 (31 Stat. 946, c. 806), as amended by the act of April 12, 1902 (32 Stat. 96, c. 500), these legacies had become vested in gross in possession and enjoyment prior to July 1, 1902, and the taxes thereon were not refundable under the provisions of section 3 of the act of June 27, 1902 (32 Stat. 406). Each legacy was assessed at the clear value of $57,965.55, and the tax assessed on each legacy was $652.15. The taxes were paid by the trustees under protest, and a suit brought to recover the amount so paid. The court below held that the legacies were contingent beneficiary interests, and not vested, and rendered judgment for the plaintiffs, on the authority of Vanderbilt v. Eidman, 196 U. S. 480, 25 Sup. Ct. 331, 49 L. Ed. 563, and the decision of this court in Lynch v. Union Trust Co., 164 Fed. 161, 90 C. C. A. 147, and other cases. The defendant brought the case here on a writ of error.

In the later case of United States v. Fidelity Trust Co., 222 U. S. 158, 32 Sup. Ct. 59, 56 L. Ed. 137, it was held by the Supreme Court that a legacy of property in trust to a trustee, who was to pay the net income to the legatee in periodical payments during the latter's life, was not a contingent interest, but a vested estate for life, and was assessable, under the War Revenue Act of June 13, 1898, upon its value ascertained by the aid of mortuary tables. This court, following the decision of the Supreme Court in United States v. Fidelity Trust Co., supra, held that:

"The rights of the beneficiaries to receive the income of the legacies were rights which were vested at the time of the assessments which were made thereon, and were subject to the war revenue tax, and assessable, not upon

the gross amount of the legacies, but upon the value of the rights to receive the annual income."

The judgment was accordingly reversed, and, as the pleadings in the case did not present the precise issue as it had been developed, leave was given to the parties to amend the pleadings, and for further proceedings. Muenter, Collector, etc., v. Union Trust Co., 195 Fed. 480, 115 C. C. A. 390. The case going down for such further proceedings, the pleadings were amended, and the case again heard. Upon the second trial the court held that the vested right of each legatee was the income for life, for the reason that under the terms of the will the beneficiaries would have and enjoy the income, not only during the trust period of 11 years, but thereafter during their lives by the vesting in them of the corpus of the legacy at that time.

A clear understanding of the law upon which this controversy turns will aid very materially in its solution. Section 29 of the War Revenue Act of June 13, 1898 (30 Stat. 448) required:

"That any person or persons having in charge or trust, as administrators, executors, or trustees, any legacies or distributive shares arising from personal property, * * * passing, after the passage of this act, * * * shall be, and hereby are, made subject to a duty or tax to be paid to the United States as follows."

Section 30 of the act provided that:

"Every executor, administrator, or trustee" having in charge or trust any legacy or distributive share as aforesaid shall notify the collector or deputy collector of the district where the decedent last resided of such legacy or distributive share, the names of the persons entitled to any beneficial interest therein, shall make and render to the collector a schedule, list, or statement of the amount of such legacy or distributive share, giving the clear value of such interest, and shall pay the tax assessed thereon to the collector, whose receipt therefor "shall be sufficient evidence to entitle such executor, administrator or trustee to be credited and allowed such payment by any court empowered to decide upon and settle all accounts of executors and administrators."

Section 3 of the act of June 27, 1902 (32 Stat. 406), provided for the refunding to executors, administrators, or trustees who had paid this tax "so much of said tax as may have been collected on contingent beneficial interests which shall not have become vested prior to July 1, 1902." It was further provided:

"And no tax shall hereafter be assessed or imposed under said act approved June 13, 1898, upon or in respect to any contingent beneficial interest which shall not become absolutely vested in possession or enjoyment prior to said July 1, 1902."

Section 29 of the act of June 13, 1898, with all of its amendments, had already been repealed by the act of April 12, 1902 (32 Stat. 96), to take effect July 1, 1902. Section 3 of the Refunding Act (Act June 27, 1902) was added to the bill in the Senate on June 17, 1902 (Cong. Record, vol. 35, p. 6935). Upon the return of the bill to the House for concurrence, Mr. Payne, chairman of the committee on ways and means, said:

"The third section, which is the second amendment of the Senate, as numbered, provides for a refund of the tax collected on contingent beneficiary interest in legacies taxed by the law, and also repeals it upon any future contingent beneficiary interest after the 1st of July. The Internal Revenue Com-

missioner has lately decided that the tax under the law must be exacted on contingent beneficiary interests although they take effect on the 1st of July and become vested after that date. As we have repealed all these legacy taxes, the committee thought it fair and just to repeal this part of it, and not to require those who receive legacies which are to be paid after the 1st of July—some of them 20 and 30 years from now—to be taxed on those legacies, and not to require trustees and executors to pay such tax." Cong. Record, vol. 35, p. 7087.

The words "which shall not have become vested," in the first paragraph above quoted from the act of June 27, 1902, have been declared by the Supreme Court to have the same meaning as "absolutely vested in possession or enjoyment" in the last paragraph above quoted. United States v. Fidelity Trust Co., 222 U. S. 158, 159, 32 Sup. Ct. 59, 56 L. Ed. 137.

When John Rosenfeld died on May 28, 1902, his executors became charged with the trust of administering the legacies provided in his will for the term of 11 years, provided some one of his children therein named should so long survive; otherwise, the trust was to terminate upon the death of the last surviving of his said children. The trust might continue, under this provision, for the period of 11 years. It might be less, but it could not continue for any longer term.

The statute required the executors to pay the tax on the legacies placed in their hands as trustees by the will; that is to say, a trust to continue for a period of 11 years. This was the legal unit of their right and duty. They were not required to pay a tax for any longer or different period, or for any other or different unit of right and duty. but, aside from this limitation contained in the act of June 13, 1898, the Refunding Act expressly provides for the repayment to the executors of "so much of said tax as may have been collected on contingent beneficial interests which shall not have become vested prior to July 1, 1902"; that is to say, absolutely vested in possession or enjoyment.

The tax not authorized to be refunded by the act of June 27, 1902, was the tax paid by the executors, administrators, or trustees, which had become absolutely vested in possession or enjoyment prior to July 1, 1902. It is conceded by the plaintiffs in error that upon the death of John Rosenfeld on May 28, 1902, a trust became vested in the trustees for his six children, the income of which was to be paid by the trustees to the beneficiaries for the period of 11 years. The clear value of said interest has been ascertained by the aid of mortuary tables, and found to be the aggregate sum of $20,313.62, and the amount of the tax on each legacy to be $152.35, or $914.10 for the six legacies. The tax actually paid by the trustees under protest upon the gross amount of the legacies was $4,062.90. Deducting from this gross amount the sum of $914.10, conceded by the plaintiff in error to be due, and a tax of $150, not here in controversy, leaves the sum of $2,998.80 as the amount of the refund claimed by the plaintiffs in error in this action, together with interest and costs.

The defendant in error contends, on the other hand, that the vested right of each legatee was an income for life, for the reason that when the period of 11 years shall have passed the legatees will become vested with the corpus of the estate, the equivalent of an income for life;

that the value of such an estate for life has been ascertained by mortuary tables, and has been found to be $2,480.71, which he, claims he is entitled to retain, and that the judgment in favor of the plaintiff in error should be the difference between that sum and $4,062.90, or the sum of $1,432.19, with interest and costs, instead of $2,998.80, with interest and costs, as claimed by the plaintiff in error.

This question we think was determined by the Supreme Court in Vanderbilt v. Eidman, 196 U. S. 480, 25 Sup. Ct. 331, 49 L. Ed. 563. In that case the Circuit Court of Appeals for the Second Circuit certified certain questions to the Supreme Court concerning the taxation of certain interests provided for in the will of Cornelius Vanderbilt in favor of his son Alfred G. Vanderbilt. The will gave the residue of his estate to his executors, to be held in trust for the support, maintenance, and education of his son, and to accumulate any surplus income, and pay the accumulation to his son when he should arrive at the age of 21 years, and thereafter to pay him the net income of the estate until he should arrive at the age of 30 years, when he was to be put in full possession of one-half of the estate. The net income from the remainder was to be paid to him thereafter until he should arrive at the age of 35, when he was to receive the rest of the estate. At the time of the death of Cornelius Vanderbilt his son, Alfred G. Vanderbilt, was between 22 and 23 years of age. The period of the trust prior to the son Alfred arriving at the age of 21 years had passed, but there remained four separate and distinct units of trust in the residuary estate: (1) His right to receive the income from the entire residue until he became 30 years of age; (2) his right to receive one half of the principal of the residue upon becoming 30 years of age; (3) his right to receive the income from the other half of the residue until he became 35 years of age; and (4) his right to receive the principal of the other half of the residue upon reaching the age of 35 years. Were all these beneficial interests absolutely vested in possession or enjoyment prior to July 1, 1902? The Supreme Court stated the fundamental question as follows:

"Whilst the questions, apparently, present distinct matters, yet underlying and involved in them all is the fundamental consideration whether the burden imposed by the War Revenue Act was confined to the interest of which Alfred G. Vanderbilt had the beneficial right of immediate enjoyment, or whether that burden also bore upon the right to the residue which Alfred G. Vanderbilt might possess or enjoy in the future, if he lived to the ages specified in the will, upon the theory that the right so to possess or enjoy in the future was technically vested."

And answering this fundamental question, as well as the questions propounded, the court said:

"That there was no authority under the act of 1898 for taxing the interest of Alfred G. Vanderbilt, given him by the residuary clause of the will, conditioned on his attaining the ages of 30 and 35 years, respectively."

In United States v. Fidelity Trust Co., 222 U. S. 158, 160, 32 Sup. Ct. 59, 60 (56 L. Ed. 137) the Supreme Court referred to this case of Vanderbilt v. Eidman with this observation:

It "concerned a life estate in remainder, which, whether the remainder was technically vested or contingent, * * * was not in * * * possession or enjoyment."

Applying that construction of the statute to the present case, we must hold that the life estates were contingent beneficial interests, and were not vested in possession or enjoyment prior to July 1, 1902, and that there was no authority to assess and collect a tax from the trustees of the estate of John Rosenfeld with respect to any right or interest of the legatees in that estate, except the present right to receive the income from the estate for the period of 11 years.

The judgment is reversed, with directions to the court below to enter a judgment in favor of plaintiffs for $2,998.80, with interest and costs.