## BOSTON SAFE DEPOSIT & TRUST CO. v. NICHOLS, Collector.

District Court, D. Massachusetts. April 7, 1927.

No. 2552.

1. **Internal revenue** ⟨key⟩8(16)—**Liability for estate tax is fixed at time of decedent's death (Revenue Act 1918 [40 Stat. 1057]).**

Liability for estate tax under Revenue Act of 1918 (40 Stat. 1057) is fixed at time of decedent's death.

2. **Internal revenue** ⟨key⟩8(14)—**In computing estate tax, expenses incurred and losses suffered during settlement of estate, and amount allowed dependents under state laws, may be deducted (Revenue Act 1918 [40 Stat. 1057]).**

Law concedes to taxpayer right to deduct amount of expenses actually incurred and losses actually suffered during settlement of estate, and amount actually allowed dependents under laws of state, in computing estate tax under Revenue Act of 1918 (40 Stat. 1057).

3. **Internal revenue** ⟨key⟩8(14)—**In computing estate tax, taxing authorities cannot estimate, approximate, or speculate as to probable amounts of deductions (Revenue Act 1918 [40 Stat. 1057]).**

In computing estate tax under Revenue Act of 1918 (40 Stat. 1057), taxing authorities are not permitted to estimate or approximate, or indulge in speculation as to probable amounts of deductions; but such rule does not preclude resort to mortuary or experience tables, when it is impossible to obtain actual values.

4. **Internal revenue** ⟨key⟩8(14)—**Where testator gave income to son for life, remainder to charitable corporation, and son died before estate tax was paid, actual value of hospital's future interest held deductible (Revenue Act 1918, § 403, subd. [a] [3], being Comp. St. § 6336¾d).**

Where testator gave income from $100,000 to son for life, then to hospital, which was charitable corporation within Revenue Act 1918, § 403, subd. (a) (3), being Comp. St. § 6336¾d, relative to estate tax, and son died before such tax was paid, executor had right to deduct actual value of hospital's future interest, determined by facts known at time of computation, not being required to use mortuary tables.

At Law. Action by the Boston Safe Deposit & Trust Company against Malcolm E. Nichols, Collector. Judgment for plaintiff.

Chas. M. Rogerson, of Boston, Mass., for plaintiff.

Frederick H. Tarr, U. S. Atty., of Gloucester, Mass., and Marcus Morton, Jr., Asst. U. S. Atty., of Boston, Mass., for defendant.

BREWSTER, District Judge. The plaintiff, as executor, seeks to recover an additional estate tax of $1,283.12, assessed upon the estate of Daniel W. Lawrence, and paid under protest. The action was tried without jury upon agreed facts.

Daniel W. Lawrence died May 9, 1921, leaving a will in which he gave the income of $100,000 upon trust to pay the income to his son, Rosewell B. Lawrence, during his lifetime, and upon his death the net income was to be paid to the Lawrence Memorial Hospital, Inc., a charitable corporation within the definition thereof in section 403 (a) (3) of the Revenue Act of 1918 (Comp. St. § 6336¾d). Rosewell B. Lawrence died November 22, 1921.

Both parties agree that the value of the bequest to the hospital as of the date of the decedent's death was a proper deduction from the value of the gross estate under said section, which, so far as material, provides that —"for the purpose of the tax the value of the net estate shall be determined—

"(a) In the case of a resident, by deducting from the value of the gross estate—

\*   \*   \*   \*   \*   \*   \*

"(3) The amount of all bequests, legacies, devises, or transfers, \* \* \* to or for the use of any corporation organized and operated exclusively for \* \* \* charitable, \* \* \* purposes. \* \* \*"

It is also agreed that the value of the future interest in the bequest would be $100,000 less the value of the life interest bequeathed to the son. The controversy arises over the method employed by the defendant in computing the value of this equitable life estate. The value was ascertained by the use of mortuary tables, and based upon the probable duration of the life interest, rather than upon the actual duration of it.

It is the plaintiff's contention that, inasmuch as the equitable life interest terminated before it was required to pay the tax, it had a right to deduct the actual value of the future interest, determined by facts known at the time of computation, rather than by facts known at the time of the decedent's death.

[1-4] I can agree with much of the argument advanced by the defendant. It is undoubtedly true that the liability for the tax is fixed at the time of the decedent's death.

Hertz v. Woodman, 218 U. S. 205, 30 S. Ct. 621, 54 L. Ed. 1001. It is not, however, true that the amount of the net estate, which is the measure of the tax, can be ascertained from facts known at the time of the death. The amount of other deductions, such as expenses, losses incurred during the settlement of the estate, amount required for support of dependents, all depend upon facts subsequently developed, and the law concedes to the taxpayer the right to deduct the amount of expenses actually incurred, of losses actually suffered, and the amount actually allowed dependents under the laws of the state. The law does not permit the taxing authorities to estimate or approximate, or to indulge in speculation as to the probable amounts of such deductions. I do not mean to imply that the government may not resort to mortuary or experience tables for approximate results when it is impossible to obtain definite and actual values. The taxpayer is entitled to deduct from the gross estate the amount of the bequest to the charitable organization, and those administering the law are wholly without authority to add to the taxpayer's burden by invoking rules and regulations adopted by the administrative department. This is precisely what the defendant has done in the present case. Although the exact amount of the charitable bequest was susceptible of certain and definite ascertainment, the defendant has refused to adopt the actual value and has insisted upon a result based upon probabilities. The result of defendant's refusal is to deny to the plaintiff a deduction to which it is clearly entitled under the statute. The statute makes no provision for the use of mortuary tables, and they cannot be read into the statute as absolute rules which the law will require to be applied to determine the duration of a life interest, or remainder interest, when the actual value can be ascertained. Vicksburg & Meridian R. R. Co. v. Putnam, 118 U. S. 545, 7 S. Ct. 1, 30 L. Ed 257; Kahn v. Herold (C. C.) 147 F. 575.

"Their use is only justified when no better evidence is obtainable." Herold v. Kahn (C. C. A.) 159 F. 608, 615.

The conclusions which I have reached are in accord with those reached in other jurisdictions. Herold v. Kahn, supra; Union Trust Co. v. Heiner (D. C. Pa., Eastern Dist.) 19 F.(2d) 362, recently decided.

I see nothing in U. S. v. Fidelity Trust Co., 222 U. S. 158, 32 S. Ct. 59, 56 L. Ed. 137, which militates against the conclusions herein stated, or impairs the value of Herold v. Kahn and Union Trust Co. v. Heiner as authorities.

In U. S. v. Fidelity Trust Co., supra, the court was not dealing with the value of the life interest that had terminated. The question there was whether a beneficiary had received a contingent beneficial interest which had not become vested prior to July 1, 1902, entitling the trustee to a refund under the Act of June 27, 1902 (32 Stat. 406). The value of the beneficial interest was determined with the use of mortuary tables. The judgment of the court was that this beneficial interest had become vested prior to July 1, 1902, and therefore the trustee was not entitled to the refund. The question involved in the case at bar was not involved in that case.

Plaintiff may recover judgment according to its declaration.