J. C. GUTMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 92096. Promulgated April 11, 1940.

*D. Benjamin Kresch, Esq.*, for the petitioner.
*Eugene Smith, Esq., for* the respondent.

---

## OPINION.

DISNEY: The petitioner filed a gift tax return for 1935 covering gifts made by him during that year, but did not include in his gift tax return for 1935 any value for the home conveyed to himself and wife as tenants by the entireties. The Commissioner in determining the deficiency determined a gift tax upon a value of $8,349.46, explaining in the deficiency notice that the property had been determined to have a fair value of $16,100, that the ages of the donor and his wife, the donee, were shown to have been 46 and 42 years, that the present worth of the right to one-half the use of $16,100 so long as two persons aged 46 and 42 years, respectively, both shall live, is $3,616.06, that the present worth of the right to receive $16,100 at the death of a person aged 46 years by a survivor aged 42 at the time of the gift is $4,733.40. This amount added to $3,616.06 totals $8,349.46, which was held to be the value of the gift to the wife, computed in accordance with article 19 (8) of Regulations 79.

The petitioner contends (1) that the transfer of the home to the husband and wife as tenants by the entireties is not a taxable gift; (2) but that, if it is a taxable gift, the computation of the tax was erroneous, first, in that no allowance was made by the Commissioner for the value of the wife's right to support from her husband, and, second, that in computing the value of the wife's right to receive the property in the event of her survival of the husband, no allowance was made for depreciation of the property at the time it would be received by her. Since the decision in *Helvering* v. *Hallock*, 309 U. S. 106, the petitioner urges that the gift tax applies only to the first item above, i. e., the value of the wife's right to enjoyment of one-half of the income of the property during the joint lives.

1. Petitioner in his first contention, that in general the gift tax is not applicable to a transfer by a husband to a wife and himself of an estate by the entireties, urges us to abide by former opinions of the Board, such as *Harry A. Logan*, memorandum opinion entered June 19, 1939, Docket No. 92509, and *William H. Hart*, 36 B. T. A. 1207, and not to follow the reversing opinion in *Commissioner* v. *Hart* (C. C. A., 3d Cir.), 106 Fed. (2d) 269, 271. The latter opinion, however, is to

the same effect as is *Lilly* v. *Smith* (C. C. A., 7th Cir.), 96 Fed. (2d) 341; certiorari denied, 305 U. S. 604; rehearing denied, 307 U. S. 651, and the *Logan* case was recently reversed upon the authority of the *Hart* case, *Commissioner* v. *Logan* (C. C. A., 3d Cir.), 109 Fed. (2d) 1014. Upon the authority of the three opinions we hold that the petitioner is in error upon this point.

2. (a) Petitioner's next argument is also covered by *Lilly* v. *Smith*, *supra*, for there the court held that a husband could not avoid payment of gift tax upon a transfer to himself and wife as tenants by the entireties on the theory "that the transfer was merely the fulfillment, by the husband, of a marital obligation to furnish a suitable residence for his family." Here the petitioner urges the duty to support in general, but since, as in the decided case, the residence was conveyed, the contention in both cases is to the same effect. Proof was adduced that the courts of Pennsylvania would allow a wife, in an action for support, about one-third of the husband's income, if there were children. The husband's income was shown for only two years. The husband and wife continued to live together, the petitioner-husband furnishing marital support. We conclude and hold that such marital duty does not affect the gift tax.

2. (b) Petitioner's next contention is that the respondent erroneously computed the value of the gift of right to the property after the possible survival of the donee, on the theory that the value of the property at the transfer was used as base of computation, with no deduction for depreciation during the period of the joint lives of donor and donee. Petitioner apparently entertains a theory that from value at the date of the gift depreciation for a period ascertained from the mortality tables used by the respondent must be deducted. The error in such theory is that we are here concerned, not merely with physical condition of a tangible property as affected by passage of time, but with the present worth of an intangible, that is the right to receive in the future a property of value not now subject to exact ascertainment. Without the power of prophecy no one can state the value of the property at some time in the future. The futility of an attempt, prior to the financial debacle in 1929 to value property in 1933 is perhaps an apt illustration of the reason why we must reject petitioner's theory. If omniscience enabled us to value property in the future, then depreciation for the same period might logically be deducted. Absent such omniscience, the element of depreciation must obviously not enter into consideration. The property might greatly increase in value, even though there was depreciation, and might decrease in value far more than mere depreciation. The mortality tables, as in the case of intangibles, such as stocks to be received in the indefinite future, seem to furnish the only practicable means of calculation, for

we here deal equally with an intangible—the value of a property in the future. The value of such tables is commented on in *Commissioner* v. *Hart, supra*, Though petitioner says that the present question was not presented in that case, and quotes from the Board's decision, we note that the court's opinion states:

\* \* \* It is pointed out, first, that the valuation of the tax depends upon the unsatisfactory calculations of mortality tables, second, that if the donee spouse predeceases her grantor, no estate tax credit can be taken and, third, that even where credit can be taken it does not permit of full recoupment. One of these what might be called "practical objections" does not seem sound. Mortality tables have been the legal and economic method of valuing expectancy for many years. They are based on a recognized mathematical principle of probabilities.
\* \* \*

Moreover, the value set upon the property at the date of the gift includes some consideration of future depreciation. The probable life of a building enters into calculation of its prevent value. In addition, we point out that the record herein is devoid of any evidence as to the nature and construction of the residence, its useful life, date of erection, value at the date of gift (except as determined by the Commissioner to be $16,100), or the donor's base. The donee, of course, would not have for depreciation purposes the value at the date of gift, as apparently presumed by the petitioner. Sec. 114 (a) and sec. 113 (a) (2), Revenue Act of 1934.

The Commissioner used mortality tables, a recognized method of calculation and therefore not to be called arbitrary under *Helvering* v. *Taylor*, 293 U. S. 507. In *Simpson* v. *United States*, 252 U. S. 547, the Supreme Court approved the application of mortuary tables in determining the value of future contingent interests in property. Referring to earlier cases, the Court said: "It is much too late to successfully assail a method so generally applied, and as to this claim of error the judgment of the Court of Claims is affirmed." Among the cases referred to was *United States* v. *Fidelity Trust Co.*, 222 U. S. 158, in which the mortality tables were used in evaluating contingent interests in property, including tangible personal property. The petitioner has not demonstrated that such method resulted in an incorrect valuation. We hold that the petitioner has not shown error in the respondent's computation of the value of the future gift.

We must also reject petitioner's view that the recent decision in *Helvering* v. *Hallock, supra*, determines the present question. He urges, in effect, that, since under the *Hallock* case estate passes because of the death of a trustor, and is therefore includable in the decedent's estate, therefore no gift tax may be applied to the present worth of the wife's right to receive the property in the event that her husband-donor predeceases her. This thought was considered in substance in *Lilly* v. *Smith, supra*, and it was concluded that though the survivor

acquired an interest subject to an estate tax, the gift tax is not for that reason inconsistent, that an estate was created when the deed of estate by the entireties was delivered, and that the Estate Tax Act provides a credit on the estate tax of the amount paid as gift tax. We conclude and hold that the petitioner has not shown error by the respondent in the determination of deficiency.

Reviewed by the Board.

*Decision will be entered for the respondent.*

ARUNDELL, MURDOCK, BLACK, and KERN dissent.