# UNITED STATES *v.* JONES, ADMINISTRATOR.

## APPEAL FROM THE COURT OF CLAIMS.

No. 450.   Argued December 9, 1914.—Decided January 25, 1915.

The tax imposed by the War Revenue Act of 1898 was purely a suc-
cession tax.   It was not laid upon the entire estate, but was a charge
upon the transmission of personal property from a deceased owner
to legatees or distributees.

Personal property does not pass directly from a decedent to legatees
or distributees, but goes primarily to the executor or administrator
who passes to them the residue after settlement of the estate.

Until in due course of the administration of an estate it has been as-
certained that a surplus remains, it cannot be said that the legatees
or distributees are certainly entitled to receive or enjoy any part of
the property; and so *held* as to an estate of one dying prior to July 1,
1902, that until such fact was ascertained the interests of legatees
and distributees were not absolute, but were contingent within the
meaning of § 29 of the War Revenue Act of 1898 and of § 3 of the
Refunding Act of June 27, 1902.   *Vanderbilt* v. *Eidman*, 196 U. S.
480; *Hertz* v. *Woodman*, 218 U. S. 205, distinguished.

49 Ct. Cls. 408, affirmed.

THE facts, which involve the construction of the War
Revenue Act of 1898 and the subsequent Acts relating
thereto, and their application to inheritances, are stated
in the opinion.

*Mr. Assistant Attorney General Thompson* for the United
States;

The questions involved in this case have been explicitly
passed upon by this court and determined adversely to
the position taken by appellee.   The position of the
Government is covered by Mr. Solicitor General Bowers
in his brief in *Hertz* v. *Woodman*, 218 U. S. 205.   That
decision is *stare decisis* of all questions raised here.

The thing to be taxed in this case was not a contingent

beneficial interest, but, on the contrary, was subject to the tax, having vested prior to July 1, 1902.

As held in *Knowlton* v. *Moore*, 178 U. S. 41, 56, the thing taxed is the power to transmit or the transmission from the dead to the living. See *Hertz* v. *Woodman, supra.*

A legacy to pay over the net income from a fund in periodical payments during the life of the legatee is not a contingent beneficial interest, but a vested life estate, the income from which as determined by the mortuary tables and an interest rate of 4 per cent was subject to the tax. *United States* v. *Fidelity Trust Co.,* 222 U. S. 158.

The tax accrued when the testator died on June 28, 1902, although her personal estate was not distributed to her two children until May, 1903, and the tax was not collected until October 24, 1905.

Appellee contends, and the court below sustained his contention, that under a Pennsylvania statute providing that no administrator shall be compelled to make distribution of the goods of an intestate until one year be fully expired from the granting of the administration of the estate, act of Feb. 24, 1834, § 38, P. L., 80 Purd. 447, the administrator had exclusive possession of the personal property up to and subsequent to July 1, 1902, and that therefore no tax had accrued on the several estates, they being contingent beneficial interests at the time of the repeal; but this cannot be sustained. *Beer* v. *Moffat,* 209 Fed. Rep. 779; *Baldwin* v. *Eidman,* 202 Fed. Rep. 968; *United States* v. *Fidelity Trust Co.,* 222 U. S. 158. *Hertz* v. *Woodman,* 218 U. S. 205, cannot be distinguished. *Farrell* v. *United States,* 167 Fed. Rep. 639, does not apply.

As the thing taxed was the right of succession, which occurred upon the death of the intestate prior to July 1, 1902, the distributive shares of the two legatees became vested within the meaning of the act of June 13, 1898, at the moment of her death and subject to taxation regard-

less of the fact that the administrator, under the state law, had the right to retain possession of the legacies for a period extending beyond July 1, 1902.

*Mr. Barry Mohun* for appellee:

The court has jurisdiction.

The moneys paid by claimant as taxes upon the distributive shares of the Dalzell estate are refundable under the terms of and directions contained in the refunding act of June 27, 1902.

Under the terms of the taxing statute, amendments thereof, the repealing act and the refunding act, as construed by this and other Federal courts, the criterion of liability for taxation of legacies and distributive shares of estates of persons who died during the period the taxing statute and amendments were in force, was whether such beneficial interests were, during that time, absolutely vested in possession or enjoyment of the legatees or next of kin. In the absence of such possession or enjoyment all taxes collected upon such beneficial interests are directed to be returned by the refunding act.

The distributive shares of this estate were not absolutely vested in possession of the distributees prior to July 1, 1902; hence the taxes collected thereon are refundable.

An examination of the history of the times discloses a fixed purpose on the part of Congress to prohibit the collection of taxes upon all interests unless the right of absolute possession or enjoyment existed prior to July 1, 1902, and if collected to direct their refundment.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This is a suit to recover a succession tax paid under §§ 29 and 30 of the act of June 13, 1898, c. 448, 30 Stat. 448, 464. The facts are these: Adelaide P. Dalzell, a

resident of Allegheny County, Pennsylvania, died intestate June 28, 1902, leaving personal property of considerable value, and being survived by two daughters as her only next of kin. July 14, 1902, an administrator was appointed and the property was committed to his charge for the purposes of administration. Under the local law the debts of the intestate and the expenses of administration were to be paid out of the property and what remained was to be distributed in equal shares between the two daughters, but distribution could not be made for several months after the appointment of the administrator. In regular course the debts and expenses were ascertained and paid, and this left for distribution property of the value of $219,341.74. The Collector of Internal Revenue then collected from the administrator, without protest from him, a succession tax of $3,290.12 upon the distributive shares of the daughters, and the tax was covered into the Treasury. About seven months after paying the tax the administrator sought, in the mode prescribed, to have it refunded under § 3 of the Act of June 27, 1902, c. 1160, 32 Stat. 406, but the Secretary of the Treasury denied the application. The administrator then brought this suit and the Court of Claims gave judgment in his favor. 49 Ct. Cls. 408. A reversal of the judgment is sought by the United States.

By § 29 of the act of 1898 an executor, administrator or trustee having in charge any legacy or distributive share arising from personal property; and passing from a decedent to another by will or intestate laws, was subjected to a tax graduated according to the value of the beneficiary's interest in the property and the degree of his kinship to the decedent. Interests which were contingent and uncertain were not affected, but only those whereof the beneficiary had become invested with a present right of possession or enjoyment. *Vanderbilt* v. *Eidman*, 196 U. S. 480, 491–495, 498. Section 29 was

repealed April 12, 1902, but the repeal was not to take
effect until July 1, 1902, and was not to prevent the
collection of any tax imposed prior to that date.  32 Stat.
96, c. 500, §§ 7, 8, 11.

As before indicated, the claimant principally relies
upon § 3 of the act of June 27, 1902, *supra*.  It reads as
follows:

"That in all cases where an executor, administrator, or
trustee shall have paid, or shall hereafter pay, any tax
upon any legacy or distributive share of personal property
under the provisions of the act approved June thirteenth,
eighteen hundred and ninety-eight, entitled 'An act to
provide ways and means to meet war expenditures, and
for other purposes,' and amendments thereof, the Secre-
tary of the Treasury be, and he is hereby, authorized and
directed to refund, out of any money in the Treasury not
otherwise appropriated, upon proper application being
made to the Commissioner of Internal Revenue, under
such rules and regulations as may be prescribed, so much
of said tax as may have been collected on contingent
beneficial interests which shall not have become vested
prior to July first, nineteen hundred and two.  And no
tax shall hereafter be assessed or imposed under said act
approved June thirteenth, eighteen hundred and ninety-
eight, upon or in respect of any contingent beneficial
interest which shall not become absolutely vested in
possession or enjoyment prior to said July first, nineteen
hundred and two."

In construing this section this court said in *Vanderbilt*
v. *Eidman*, *supra* (p. 500):

"It is, we think, incontrovertible that the taxes which
the third section of the act of 1902 directs to be refunded
and those which it forbids the collection of in the future are
one and the same in their nature.  Any other view would
destroy the unity of the section and cause its provisions
to produce inexplicable conflict.  From this it results that

the taxes which are directed in the first sentence to be refunded, because they had been wrongfully collected on contingent beneficial interests which had not become *vested* prior to July 1, 1902, were taxes levied on such beneficial interests as had not become *vested in possession or enjoyment* prior to the date named, within the intendment of the subsequent sentence. In other words, the statute provided for the refunding of taxes collected under the circumstances stated and at the same time forbade like collections in the future."

This view was repeated in *United States* v. *Fidelity Trust Co.,* 222 U. S. 158.

The decisive question, therefore, in the present case is whether the beneficial interests of the daughters, upon which the tax was collected, had become absolutely vested in possession or enjoyment prior to July 1, 1902, or were at that time contingent. If they had become so vested, the effort to recover the tax must fail; but, if they were contingent, the tax must be refunded. Recognizing that this is so, counsel for the United States insists that the distributive interests to which the daughters succeeded became vested in the full sense of the statute the moment the intestate died, which was three days before July 1, 1902. The court below rejected this contention and held that those interests did not become so vested until the daughters were entitled to receive their respective shares in the property remaining after the debts and expenses were paid, which was not until several months after July 1, 1902.

The question should, of course, be determined with due regard to the situation to which the refunding statute was addressed.

The tax imposed by the act of 1898 was purely a succession tax, a charge upon the transmission of personal property from a deceased owner to legatees or distributees. It was not laid upon the entire personal estate or upon all

that came into the hands of the executor or administrator, but upon "any legacies or distributive shares" in his charge "arising from" such estate and passing to others by will or intestate laws.

It hardly needs statement that personal property does not pass directly from a decedent to legatees or distributees, but goes primarily to the executor or administrator, who is to apply it, so far as may be necessary, in paying debts of the deceased and expenses of administration, and is then to pass the residue, if any, to legatees or distributees. If the estate proves insolvent nothing is to pass to them. So, in a practical sense their interests are contingent and uncertain until, in due course of administration, it is ascertained that a surplus remains after the debts and expenses are paid. Until that is done, it properly cannot be said that legatees or distributees are certainly entitled to receive or enjoy any part of the property. The only right which can be said to vest in them at the time of the death is a right to demand and receive at some time in the future whatever may remain after paying the debts and expenses. But that this right was not intended to be taxed before there was an ascertained surplus or residue to which it could attach is inferable from the taxing act as a whole and especially from the provision whereby the rate of tax was made to depend upon the value of the legacy or distributive share.

True, by that act, the executor or administrator was required, before surrendering a legacy or distributive share to whoever was entitled to it, to pay the tax assessed thereon and to deduct the amount from the particular legacy or distributive share, but this did not mean that the tax was to be assessed or paid in the absence of a right to immediate possession or enjoyment. On the contrary, as was held in *Vanderbilt* v. *Eidman, supra,* p. 499, it imported the existence of "a practically contemporaneous right to receive the legacy or distributive share." In that

case it was said, after separately considering the several parts of the act (p. 495): "In view of the express provisions of the statute as to possession or enjoyment and beneficial interest and clear value, and of the absence of any express language exhibiting an intention to tax a mere technically vested interest in a case where the right to possession or enjoyment was subordinated to an uncertain contingency, it would, we think, be doing violence to the statute to construe it as taxing such an interest before the period when possession or enjoyment had attached."

The actual enforcement of the taxing act by the administrative officers was not uniform as respects contingent interests. At first the tax was regarded as not reaching them until they became absolute, but afterwards it came to be treated as imposing the tax at the time of the death.

The provisions of the repealing act of April 12, 1902, were such that the tax was to be discontinued on July 1 of that year, but without affecting its collection where the right to it became fixed before that time.

Bearing in mind that this was the situation in which § 3 of the act of June 27, 1902, before quoted, was enacted, we think its meaning and purpose are plain. Briefly stated, it deals with legacies and distributive shares upon the same plane, treats both as "contingent" interests until they "become absolutely vested in possession or enjoyment," directs that the tax collected upon contingent interests not so vested prior to July 1, 1902, shall be refunded, and forbids any further enforcement of the tax as respects interests remaining contingent up to that date. In other words, it recognizes that the tax was being improperly collected upon legacies and distributive shares which were not absolutely vested in possession or enjoyment; and, for the purpose of avoiding the injustice that otherwise might result from this, it requires that the tax be refunded in all instances where the interests upon which it was collected had not become absolutely vested in the

sense indicated before July 1, 1902, that being the time when the tax was discontinued,

Applying this statute to the facts before stated, we see no escape from the conclusion that the tax in question must be refunded. It was collected upon distributive shares which neither were nor could have been absolutely vested in possession or enjoyment prior to July 1, 1902. The intestate's death had occurred only three days before, no administrator had been appointed, the debts and expenses had not been ascertained, what, if anything, would remain after their payment was uncertain, and the time had not come when the daughters were entitled to a distribution.

The case of *Hertz* v. *Woodman*, 218 U. S. 205, is cited as making for a different conclusion, but it is without real bearing here. The refunding statute was not there in question and was not mentioned in the opinion. The case came to this court upon a certificate from the Circuit Court of Appeals for the Seventh Circuit, the question certified being (p. 210): "Does the fact that the testator dies within one year immediately prior to the taking effect of the repealing act of April 12, 1902, relieve from taxation legacies otherwise taxable under §§ 29 and 30 of the act of June 13, 1898, as amended by the act of March 2, 1901?" Thus it was expressly stated that the legacies were otherwise taxable and the question propounded was merely whether they were relieved from taxation by the fact that the testator died within one year of July 1, 1902, when the repealing act took effect. The inquiry was prompted by the provision in the amendatory act of March 2, 1901, c. 806, 31 Stat. 938, 948, that the tax should be due and payable one year after the death. The answer was in the negative, it being held that the time when the tax was made due and payable was not determinative of when it was imposed. The opinion contains some language, which, separately considered, gives color to the present

contention of the Government, but this must be read in the light of the question presented for decision and be taken as restrained accordingly. Besides, the opinion approvingly refers (p. 219) to *Vanderbilt* v. *Eidman, supra,* as having "conclusively decided" that the tax "does not attach to legacies or distributive shares until the right of succession becomes an absolute right of immediate possession or enjoyment." Here, as we have said, there was no right of immediate possession or enjoyment at the time designated in the refunding statute.

*Judgment affirmed.*

MR. JUSTICE MCREYNOLDS took no part in the consideration or decision of this case.