Barney, Judge,
delivered the opinion of the court:
This suit was brought May 16, 1913, under the refunding act of June 27,1902, 32 Stat., 406, to recover the sum of $450 collected by the United States as an inheritance tax under the provisions of sections 29 and 30 of the war-revenue act of June 13, 1898, 30 Stat., 448, upon $10,000, the same being a part of the legacy of $37,945 bequeathed by the above-named Margaret S. Pillsbury, deceased, to the said Minnie A. Townsend.
The question for decision in this case depends upon the construction and effect to be given to the following provision of the will of said deceased:
*64 “ Third: I also give and bequeath to my said daughter, Minnie A. Townsend, her heirs and assigns forever, the sum of twenty-five thousand dollars ($25,000.00). I also give and bequeath to said Minnie A. Townsend my long diamond breastpin and my solitaire diamond finger ring. I also give and bequeath to said Minnie A. Townsend, her heirs and assigns forever, the further sum of ten thousand dollars ($10,000.00), the income from which sum of ten thousand dollars ($10,000.00) shall be by said Minnie A. Townsend paid annually or semiannually to my cousin, Mrs. Augusta H. Worthen, of Lynn, Massachusetts, as long as said Augusta H. Worthen shall live. I commend my said cousin Augusta to the kind consideration of my said daughter Minnie.”
It is contended by the claimant that this provision of the will created a trust fund of $10,000 in the hands of Minnie A. Townsend, the income of which was to be paid to Augusta H. Worthen during her natural life and at her death that the principal or corpus of said trust fund was to pass absolutely to said Minnie A. Townsend; in consequence of which the latter, by the terms of the will, only became entitled to a contingent beneficial interest in this trust fund. In other words, that said bequest did not take effect “ in possession or enjoyment ” after the death of the decedent within the meaning of sections 29 and 30 of said war-revenue act, and said refunding act, as interpreted by the Supreme Court in Vanderbilt v. Eidman, 196 U. S., 480, and other cases.
Without indulging in any speculation as to the trust feature of this provision of the will, its practical effect was to give to Augusta H. Worthen a life estate in $10,000, the remainder to go to Minnie A. Townsend. The possession and enjoyment of this fund so provided took effect at once upon the death of the decedent without any contingency whatever. It is true that Minnie A. Townsend did not enjoy it at once, but immediately upon passing from the possession of the executors of the will the whole corpus of the legacy was in the possession and enjoyment of the beneficiaries named in the will; and that was all the requirement of the war-revenue act to make it subject to taxation.
It is not a question of just the kind or character of interest which the legatees took in this legacy, but did its “ possession *65 or enjoyment ” go to some one without any contingency or reservation. It is its character while in the hands of the executors and at the time it is turned over by them by the terms of the will which determines whether it is taxable or not.
As was said by the Supreme Court in United States v. Jones, 236 U. S., 106, 111:
“ The tax imposed by the act of 1898 was purely a succession tax, a charge upon the transmission of personal property from a deceased owner to legatees or distributees. It was not laid upon the entire personal estate or upon all that came into the hands of the executor or administrator, but upon ‘ any legacies or distributive shares ’ in his charge£ arising from ’ such estate and passing to others by will or intestate laws.”
If the contention of the claimant is sound, then in order to make any legacy in a will taxable under the war-revenue act it would be necessary for the whole corpus of the same to rest in the possession or enjoyment of one person at once. That is not the language of the law. So far as applicable to this case it is an inheritance tax pure and simple, and in order to make a legacy taxable under it, it is only necessary that it should pass out of the hands of the executors into the possession or enjoyment of the legatee or legatees named, subject to no contingency or reservation.
It follows from the foregoing that the petition should be dismissed, and it is so ordered.
All concur.