COLEMAN, SURVIVING ADMINISTRATRIX OF COLEMAN, *v.* UNITED STATES.

APPEAL FROM THE COURT OF CLAIMS.

No. 343. Argued April 29, 1919.—Decided May 19, 1919.

A tax demanded and paid under § 29 of the War Revenue Act of June 13, 1898, c. 448, 30 Stat. 448, on a contingent beneficial interest not vested prior to July 1, 1902, contrary to the Refunding Act of June 27, 1902, c. 1160, § 3, 32 Stat. 406, is a tax "erroneously

collected" within the meaning of the Act of July 27, 1912, c. 256, 37 Stat. 240, although the payment was without protest or reserva-. tion, and under that act the right to a refund is barred if the claim was not presented to the Commissioner of Internal Revenue on or before January 1, 1914.

53 Ct. Clms. 628, affirmed.

THE case is stated in the opinion.

*Mr. H. T. Newcomb* for appellant.

*The Solicitor General* for the United States.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit to recover $6,721.71 paid for a tax upon the distributive shares of the children of Walter H. Coleman in his personal property. The tax was demanded and paid under the Act of June 13, 1898, c. 448, § 29, 30 Stat. 448, 464, 465. The later Act of June 27, 1902, c. 1160, § 3, 32 Stat. 406, directed the refunding of so much of such taxes "as may have been collected on contingent beneficial interests which shall not have been vested prior to July first," 1902, and forbade a tax to be imposed upon such an interest. On July 1, 1902, Coleman was dead but his debts had not been paid, the year allowed for the proof of claims against his estate had not expired, and the expenses of administration had not been ascertained. Therefore, it is said, the interest of his children still was contingent. *United States* v. *Jones,* 236 U. S. 106. *McCoach* v. *Pratt,* 236 U. S. 562. The tax was collected on May 29, 1903. On March 17, 1914, the claimants applied to the Collector of Internal Revenue and through him to the Commissioner of Internal Revenue to refund it. The application was rejected and on March 9, 1916, the claimant began this suit. The Court of Claims held that it was barred by the Act of July 27, 1912, c. 256, 37 Stat. 240.

That statute provides that "all claims for the refunding of any internal tax alleged to have been erroneously or illegally assessed or collected" under the above mentioned § 29 of the Act of June 13, 1898, "or of any sums alleged to have been excessive, or in any manner wrongfully collected under the provisions of said Act may be presented to the Commissioner of Internal Revenue on or before the first day of January, nineteen hundred and fourteen, and not thereafter." By § 2 payment of claims so presented is directed. The act is entitled "An Act Extending the time for the repayment of certain war-revenue taxes erroneously collected," and the claimant contends that the present claim is not of that sort, that this tax having been paid without protest or any reservation of rights, the claim is only for a bounty conferred by the Act of 1902 and that the benevolence of that act never has been withdrawn. But, bounty or not, the direction in the Act of 1902 was on the footing that the sums ordered to be repaid were collected erroneously, *Vanderbilt* v. *Eidman*, 196 U. S. 480, and was an order for the refunding of a tax alleged to have been erroneously collected. The present tax had not been collected when the Act of June 27, 1902, was passed, but was collected afterwards contrary to its terms. There was little bounty in its application to such a case. No argument can make it plainer than do the words themselves that the Act of 1912 applies to the present claim, and that it was presented too late.

*Judgment affirmed.*