## HENRY, EXECUTOR OF HENDRICKS, v. UNITED STATES.

### APPEAL FROM THE COURT OF CLAIMS.

No. 162. Argued January 21, 1920.—Decided February 2, 1920.

A legacy paid over by the executor to the legatee, or to himself as trustee under the will for an ascertained beneficiary, is vested in possession, within the meaning of the tax-refunding Act of June 27, 1902, c. 1160, § 3, 32 Stat. 406, although the payments are made before expiration of the time for proving claims against the estate.

53 Ct. Clms. 641, affirmed.

THE case is stated in the opinion.

*Mr. Simon Lyon*, with whom *Mr. R. B. H. Lyon* was on the briefs, for appellant.

*The Solicitor General*, with whom *Mr. A. F. Myers* was on the brief, for the United States.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit to recover taxes paid under the Spanish War Revenue Act of June 13, 1898, c. 448, §§ 29, 30, 30 Stat. 448, 464, 465, repealed by the Act of April 12, 1902, c. 500, § 7, 32 Stat. 96, 97, the repeal to take effect on July 1, 1902. By the Act of June 27, 1902, c. 1160, § 3, 32 Stat. 406, the Secretary of the Treasury was directed to refund taxes upon legacies collected upon contingent beneficial interests that should not have become vested before July 1, 1902, and this claim is made under the last mentioned act. The claim was held by the Court of

Claims to be barred by the statute of limitations. In view of the decision in *Sage* v. *United States*, 250 U. S. 33, it is admitted by the Government that the judgment cannot be sustained on that ground, and therefore that matter need not be discussed, but it is contended that the judgment was right because the legacies taxed had become vested before July 1, 1902. Whether they had become vested within the meaning of the refunding act is the only question in the case.

The facts are these: Arthur Hendricks died domiciled in New York on March 5, 1902, and his will was proved on March 17, 1902. The claimant was executor and trustee under the will. By that instrument the sum of $50,000 was left to the claimant in trust for Florence Lester for life, the remainder to go to the residue. The residue was left to the testator's five sisters. On July 1, 1902, the time for proving claims against the estate had not expired, but before that date the executor, having correctly estimated that a large sum would be left after all debts, paid over $135,780 to the five sisters in equal shares and "established the trust fund" for Florence Lester, that is, as we understand the finding, transferred the sum of $50,000 to his separate account as trustee. The taxes in question were levied on these two amounts.

There is no doubt that if the claimant had retained the funds in his hands, as he had a legal right to do, the interest of the legatees would not have been vested in possession within the meaning of the statute, whatever the probabilities and however solvent the estate. *United States* v. *Jones*, 236 U. S. 106. *McCoach* v. *Pratt*, 236 U. S. 562. He contends that the same is true if he saw fit to pay over legacies before the time came when they could be demanded as of right.—We will assume that, if the estate had proved insufficient, the executor not only would have been responsible but could have recovered such portion of his payments as was needed to pay debts.

Still the consequence asserted does not follow.   There can
be no question that the interest of the sisters was held
in possession, and so was that of the trustee, although he
happened to be the same person as the executor.   The
interest was vested also in each case.   The law uses famil-
iar legal expressions in their familiar legal sense, and the
distinction between a contingent interest and a vested
interest subject to be divested is familiar to the law.   Gray,
Rule Against Perpetuities, § 108.   The remote possibility
that the funds in the hands of the legatees might have
to be returned no more prevented their being vested in
possession and taxable than the possibility that a life
estate might end at any moment prevented one that
began before July 1, 1902, being taxed at its full value as
fixed by the mortuary tables.   *United States* v. *Fidelity
Trust Co.*, 222 U. S. 158, 160.   In that case it was contended
that the life estate was contingent so far as not actually
enjoyed.

It is argued with regard to the trust for Florence Lester
that the case stands differently because the life tenant
received no income from it before July 1, 1902.   But for
the purposes of this act the interest in a fund transferred
from an estate to a trustee for ascertained persons is
vested in possession no less than when it is conveyed
directly to them.   See *United States* v. *Fidelity Trust
Co., supra.*

*Judgment affirmed.*