Per Curiam:
The question presented is upon demurrer to the petition upon the general ground that it does not state facts sufficient to constitute a cause of action and that the claim presented to the Commissioner of Internal Kevenue was not presented within the time required by law, and the suit is therefore barred.
The petition alleges in substance that Lucretia C. Clowes, a resident of the city of New York, died testate on the 16th day of March, 1901, letters testamentary were duly issued on the 13th of September, 1901, and that on June 18, 1902, there was assessed and collected from the executors under section 29 of the act of June 13, 1898 (30 Stat., 448), an inheritance tax upon legacies to the amount of $4,249.35. It is averred further that upon the date of the assessment and collection of such tax, the time prescribed by the statutes of the State of New York for the presentation of claims against the estate had not expired and that in fact none of the legacies upon which said tax was assessed and collected had vested in possession or enjoyment before the 1st day of July, 1902.
It is further averred that on the 18th day of February, 1916, the petitioner filed an application in the Treasury-Department praying for the refunding of all of said tax so assessed and collected, predicating said claim upon the act of June 27, 1902 (32 Stat., 406), which application was *451 rejected by the Secretary of the Treasury on the 19th day of April, 1916. This action was commenced December 31, 1919.
The theory of the defendant in support of the demurrer is that the plaintiff was required by the act of July 27, 1912, 37 Stat., 240, to file a claim on or before January 1. 1914, and that not having filed a claim within that time the action is barred. The defendant relies upon the case of Coleman v. United States, 250 U. S., 30. The theory of the plaintiff is that the sum sued for is within the refunding provisions of the third section of the act of June 27, 1902, that that act contains no limitation as to the time within which application for refunding must be made, that the act of July 27, 1912 did not destroy or modify any rights created by said third section of the act of June 27, 1902, and that the tax when assessed and collected was not erroneously assessed, but having been assessed and collected prior to the passage of the act of June 27, 1902, was a legal assessment. The contention further is that the act of July 27, 1912, and section 3228 of the Revised Statutes and similar provisions, apply only to erroneous assessment; that the cause of action did not accrue until an application for refunding had been denied by the Secretary of the Treasury, and that action was not barred until six years thereafter.
The contention of the plaintiff is ingenious, but a consideration of the lengths to which it would lead us and other infirmities preclude its adoption. It is predicated largely upon a technical or strict construction of the word “ erroneous ” in its relation to the assessment and collection of taxes. We are not prepared to conclude that Congress, in its liberality with reference to the readjustment of taxation matters under the Spanish War revenue act, intended any such technical construction of that word. Rather are we inclined to believe that when Congress passed the act of July 27, 1912, and again opened the doors for applications for refunding of taxes assessed under the act of 1898, it intended, aside from any new rights created, not only to extend once more to claimants who had rested upon their rights an opportunity to assert them, but also to reerect the barrier as of the 1st day of January, 1914.
*452 But there is another view of the matter which is for consideration. If the plaintiff’s theory be correct, there would be absolutely no limit to the time within which claims for the refunding of taxes under the act of June. 27,1902, might be presented. In this particular case it appears that the claim was not presented for about 14 years after the passage of that act. If no specific statute is to be invoked as limiting the time within which such claim must be presented, if the act of July 27, 1912, has no application thereto and the right rests solely upon the act of June 27, 1902, it seems to us that under that act it must be held that claims must be presented within a reasonable time, and the period of two years provided by section 3228, Kevised Statutes, might even, by analogy, be regarded as reasonable, and that one who allows a claim of that sort to rest for a period of 14 years has been guilty of laches such as should bar a recovery. If a claim of thir nature may lie dormant 14 years, it may lie dormant an indefinite time, and we can not conceive that such a rule may properly be invoked.
Finally, and upon still another ground, we must conclude that plaintiff’s theory is itself erroneous. It requires, in effect, the conclusion that a tax upon a contingent beneficial interest which had not vested in possession or enjoyment was legal under section 29 of the act of June 13, 1898, but was rendered illegal by the act of June 27, 1902. It is not our view that Congress by the latter act intended to render something illegal which had theretofore been legal but that it intended to declare the proper construction of the first named act, correct an erroneous construction upon the part of the taxing authorities, provide for reimbursement and prohibit the continuance of the error. In other words, a tax upon a contingent beneficial interest which had not vested in possession or enjoyment was not authorized by section 29 of the act of 1898 and such an assessment was erroneous irrespective of the remedial act of June 27, 1902. United States v. Jones, 236 U. S. 106, and cases cited sustain this view.
For the reasons stated we conclude that the demurrer to the petition must be sustained.