### LIBERTY BANK & TRUST CO. et al. v. MARSHALL et al.

(Circuit Court of Appeals, Fifth Circuit. December 4, 1920.)

No. 3573.

**Wills 🗝️731—Lien for debt of legatee lost by transfer of legacy to trustee.**
　　The transfer by executors, under an order of the probate court, of a legacy to themselves as testamentary trustees for the legatee, *held* to extinguish any right they may have had as executors to a lien on such legacy, by way of retainer or set-off, on account of a debt due from the legatee to the estate.

Appeal from the District Court of the United States for the Southern District of Georgia; Beverly D. Evans, Judge.

In the matter of A. M. Marshall, bankrupt. The Liberty Bank & Trust Company and another, executors of the will of A. M. Martin, deceased, appeal from an order of the District Court. Affirmed.

E. S. Elliott and Geo. W. Owens, both of Savannah, Ga., for appellants.

John G. Kennedy, of Savannah, Ga., for appellees.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. Alfred M. Martin, of Hampton county, S. C., died on May 13, 1910, testate; his will being admitted to probate

🗝️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

in Hampton county on July 11, 1910. The Oglethorpe Savings & Trust Company and the Germania Bank (now Liberty Bank & Trust Company) were named therein as executors and duly qualified as such. After certain specific bequests, he provided for the division of the residue of his estate into six equal parts, one of which he devised to the said Germania Bank (now Liberty Bank & Trust Company) and Oglethorpe Savings & Trust Company, as trustees, for his grandchildren, Alfred Martin Marshall and Sam Fair Marshall, to apply as much of the income from the same as may be necessary for their education and maintenance until they attained majority, and thenceforth to pay each of them one half of said income for life, or on the death of either without issue to pay the whole of the income to the survivor, and on the death of either with issue to pay his respective share to such surviving child or children who shall have attained the age of 21 years, or should have married and left issue.

Alfred Martin Marshall was of age and doing business at Savannah, Ga. On January 5, 1911, he executed to the Germania Bank, to secure an indebtedness then owing to it, and any further advances which it might make to him, an assignment of all his right, title, and interest as legatee and distributee under the will and codicils of said Martin. Martin had indorsed a number of notes made by Marshall. After his death the executors of Martin paid to the Germania Bank three of these notes, aggregating, with interest and protest fees, $55,-107.59, and also a balance of $5,534.38 upon a note of Marshall then held by the Oglethorpe Savings & Trust Company, which was secured by a collateral note indorsed by Martin.

During 1912 the executors demanded from Marshall a transfer of his interest in the estate, in order to secure these debts so paid by them. The testimony was in conflict as to whether any actual agreement to make an assignment was made. As a matter of fact, no assignment was ever executed. On June 23, 1913, the executors filed suit on these demands against Marshall in the city court at Savannah. On petition of the executors, a division of the estate of Martin, except a very small part, which was not ripe for division, was, on November 3, 1913, ordered by the probate court of Hampton county, and the executors were ordered and directed to transfer to themselves, as trustees for the various beneficiaries under said will and codicils, the shares of said stocks and bonds allotted by said division to each of the said beneficiaries, and it is agreed in this case that all stocks so assigned to said executors, as trustees, under the bequest under which Marshall was interested, have been transferred to said Liberty Bank & Trust Company and the Oglethorpe Savings & Trust Company as testamentary trustees, except some stock in the People's Savings & Loan Company, still in the name of A. M. Martin, and that the bonds were payable to bearer.

On March 25, 1914, said Marshall filed a petition in bankruptcy in the United States District Court for the Southern District of Georgia at Savannah, Ga. The executors filed a proof of debt for $60,641.97, besides interest, founded on the notes of Marshall paid by them as aforesaid, and claimed a priority lien and a right to apply the income

due and to become due to said Marshall from said estate to said debt, subject to the assignment previously made by said Marshall to said Germania Bank. The claim of priority, set up in said proof, was resisted by the trustee in bankruptcy.

The entire interest of Marshall in said legacy had been sold as a part of the assets of the bankrupt estate, and the contest was over the application of the proceeds of said sale. The matter was heard before the referee, who found the facts aforesaid, and who found that after November 3, 1913, pursuant to the order of said probate court of Hampton county, the Germania Bank (now Liberty Bank & Trust Company) and the Oglethorpe Savings & Trust Company held and managed the stocks and bonds as testamentary trustees, collecting the income, rendering statements and accounts every six months to A. M. Marshall for his share, charging him up with their commissions as trustees, but applying the net income to payments from time to time on the personal debt of Marshall to the Germania Bank for the loans made to him in its capacity as a bank, and he held, in accordance with the findings of fact, that the said executors of Martin were not—

"possessed of any lien, legal or equitable, on the equity of the bankrupt's estate arising from the legacy to the said A. M. Marshall, which was transferred to the testamentry trustees under the order of the probate court of Hampton county, S. C., of November, 1913, nor any legal or equitable lien in the proceeds of the sale of the same as an asset of this bankrupt's estate and now in court for distribution. The claim of the said executors is adjudged to rank only as a common claim without priority."

The District Court, on exceptions thereto, sustained the finding of the referee, holding that in this case the right of retainer or set-off in the executors was lost by the assent of the executors to the legacy and its formal delivery into the possession of the trustees as legatees. As to the claim that the bankrupt had promised to assign to them his legacy as security for the debt, the court held that the executors had accepted the debtor's promises to pay certain sums at stated times, instead of insisting on the assignment, and had actually sued Marshall on the debt prior to the division of the estate and the delivery of the legacy to themselves as trustees; that the bankruptcy did not occur until after an accounting by the trustees to Marshall of the income in their hands as trustees.

The evidence as to the alleged promise by Marshall to execute a transfer was conflicting, and, considering the entire evidence, we think there is sufficient to sustain the findings of the District Court. Indeed, the brief of appellants states as the issue in question on this appeal:

"Whether, by virtue of the executors having transferred to themselves as trustees the property in question, they lost the right of lien and set-off, which they, as executors, were entitled to as against the legatee."

That the right of the executors to set-off against a legacy a debt due by a legatee to the testator is not strictly a right of set-off, but a right of retainer of the legacy, is settled by the decisions of the state of South Carolina, where this estate was being administered. Sartor v. Beaty, 25 S. C. 293. The payment by order of court of the legacy by

the executors to themselves, as trustees of the beneficiaries, vests the legacy in possession of the legatees, and terminates the possession of the executors. Henry, Executor, etc., v. United States, 251 U. S. 393, 395, 40 Sup. Ct. 185, 64 L. Ed. 322.

When, therefore, in November, 1913, the securities representing the corpus of this legacy and the income derived therefrom was by order of the probate court delivered upon a division of the testator's estate to the trustees, to whom this share was bequeathed in trust, the possession of the executors was gone, and the right of retainer or set-off terminated. Indeed, the claim here made is not one of set-off against a demand due from the executors. As such executors they have accounted for and administered this portion of their testator's estate. They, as executors, are seeking now to assert a lien against funds derived from the sale of the interest of this bankrupt in a trust estate then in the hands of the trustees, to whom it had been previously fully delivered by the executors.

That this extinguishment of their possession as executors was understood by them is evidenced by their recognition of the assignment made by Marshall to the Germania Bank and the payment of the income of Marshall by the trustees to the Germania Bank as his assignee. If the executors still had a right of set-off or retainer, it would have been superior to the rights of any assignee of the legatee. Sartor v. Beaty, 25 S. C. 293.

The judgment of the District Court is therefore affirmed.