## KAHN ET AL., EXECUTORS OF WOLFF, *v.* UNITED STATES.

### APPEAL FROM THE COURT OF CLAIMS.

No. 52. Argued November 15, 1921.—Decided December 5, 1921.

Legacies of life interests in trust funds *held* vested in possession or enjoyment prior to July 1, 1902, within the meaning of the Refunding Act of June 27, 1902, and taxable under § 29 of the War Revenue Act of 1898, where, on or before July 1, 1902, the amounts of the legacies were ascertainable, all claims against the estate, save some for other taxes of relatively small amount, had been settled or barred, and the trustees were entitled to immediate possession of the funds from the executors and the beneficiaries to the beneficial enjoyment of the income. P. 247.

55 Ct. Clms. 271, affirmed.

APPEAL from a judgment rejecting a claim for a refund of legacy taxes.

Mr. *H. T. Newcomb*, with whom Mr. *Frederick L. Fishback* was on the brief, for appellants.

Mr. *Assistant Attorney General Ottinger*, with whom Mr. *Solicitor General Beck* and Mr. *Harvey B. Cox* were on the brief, for the United States.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

This suit was brought in the Court of Claims by the executors of Abraham Wolff of New Jersey to have refunded $58,885.86 paid in taxes assessed upon legacies under the provisions of § 29 of the Act of June 13, 1898,

c. 448, 30 Stat. 448, 464–465. Wolff died on October 1, 1900. The taxes were paid on November 4, 1903. This suit was begun July 2, 1917. The contention is that the legacies were contingent beneficial interests not vested in possession or enjoyment on, or prior to, July 1, 1902; and that hence the amount paid is recoverable under the Acts of June 27, 1902, c. 1160, § 3, 32 Stat. 406, and of July 27, 1912, c. 256, 37 Stat. 240. The lower court dismissed the petition. Whether the interests assessed were contingent on July 1, 1902, and whether the claim sued on had been presented to the Commissioner of Internal Revenue as required by the Act of 1912, are the questions argued before us. The view we take of the first question renders it unnecessary to consider the second.

Earlier decisions have settled the construction of these statutes. The test to be applied in determining whether the legacies were, on July 1, 1902, still contingent is a practical, not a technical one. The beneficial interests were contingent unless the legatees were then in actual possession or enjoyment, *Henry* v. *United States,* 251 U. S. 393, or were entitled to immediate possession or enjoyment, *United States* v. *Jones,* 236 U. S. 106; *McCoach* v. *Pratt,* 236 U. S. 562; *Coleman* v. *United States,* 250 U. S. 30; *Sage* v. *United States,* 250 U. S. 33. But a gift to trustees of a fund, the net income of which is to be paid over periodically during life, is, at least after the payments have commenced, a life estate, not a contingent beneficial interest. *United States* v. *Fidelity Trust Co.,* 222 U. S. 158. And the mere failure of executors to establish the trust fund will not prevent the vesting of a legacy, if under the state law the time for payment has come, the right thereto is uncontroverted, and it is clear that the money retained will not be needed to satisfy outstanding claims. *Simpson* v. *United States,* 252 U. S. 547.

Wolff provided by his will, among other things, for fifteen separate trust funds, ranging in amount from

$20,000 to $100,000 and aggregating $730,000. The income of each was made payable for life to the beneficiary without power of anticipation or assignment. Provision was made that the executors should, until the several trusts were established, pay monthly to each a sum named; and these amounts were approximately, but not exactly, proportionate to the probable income of the respective funds. There was also a provision that if the aggregate amount of the funds to be so established should exceed one-fifth of the net estate, each should be proportionately reduced. A trust of the residue was provided for the benefit of the testator's daughters. The amount or value of the fifteen trusts was ascertainable before July 1, 1902. None of the funds directed to be paid to the trustees had been paid to them, or set apart or established by that date; but no reason was shown why they should not have been. The value of the estate (over seven million dollars) was such, and was before that date known to be such, that no pending controversy or outstanding claim could affect the value of any but the residuary legacies; and these only to a slight extent. The executors paid before that date certain small legacies, the fixed monthly allowances to the fifteen beneficiaries, and to each of the residuary legatees, as income, more than $300,000.

The will was admitted to probate by the Orphans Court for Morris County, on November 7, 1900, and letters testamentary issued on that day. By the law of New Jersey executors are required to state and settle their accounts within a year after their appointment, unless the time is extended for cause. The Orphans Court is empowered to fix a period of nine months for the presentation of claims against the estate; and claims not presented within that time may be declared barred. If no time is fixed in a will for the payment of legacies they are payable within a year after the probate; and if not so paid, legatees may maintain an action therefor. Publication of

the notice to creditors to present their claims within nine months was begun on November 7, 1900. On August 8, 1901, that court entered an order declaring that creditors who had neglected to do so, were barred. On July 1, 1902, the only unadjusted matters, so far as shown, were claims for taxes for relatively small sums. These were not finally disposed of until November, 1903.

On July 1, 1902, therefore, the trustees were entitled to the possession of the funds and all the beneficiaries to the immediate enjoyment of the income thereof, with the exception of the amount involved in controversies over taxes. The executors might then have, paid over the balance of the estate in their hands to the trustees, retaining funds sufficient to satisfy the claims in dispute. The amount on which the taxes here in question were assessed is not shown to have exceeded the amount of such balance. The beneficial interests were, therefore, vested; and taxes were properly assessed thereon. In *Vanderbilt* v. *Eidman*, 196 U. S. 480, and *Uterhart* v. *United States*, 240 U. S. 598, the facts were different.

*Affirmed.*