LILLIE V. KOHN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ACHILLES H. KOHN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 16477, 16478.   Promulgated May 24, 1929.

*William Sabine, Esq.,* for the petitioner.
*F. S. Easby-Smith, Esq.,* for the respondent.

## OPINION.

SIEFKIN: Aside from the question as to the loss on German marks, as to which the respondent has admitted error, a single question is presented. The facts show that a loss was sustained in 1922, but the deductibility of the amount by these petitioners depends upon whether the estate was still in process of administration in 1922.

In support of the respondent's determination, which assumes that administration of the estate was still in process in 1922, it is shown that income and estate taxes in varying amounts were not settled at the end of the year 1921, and that the books of account of the estate were not closed until 1924. On the other side, the petitioners rely upon the rule of law in New York and in the Federal courts that title to the assets vests in the residuary legatees when the debts and legacies are paid, and they insist that the later adjustments of taxes do not prevent the vesting. In *Kahn* v. *United States*, 257 U. S. 244, Mr. Justice Brandeis, speaking for the court, said:

\* \* \* The beneficial interests were contingent unless the legatees were then in actual possession or enjoyment (*Henry* v. *United States*, 251 U. S. 393, 40 Sup. Ct. 185, 64 L. Ed. 322), or were entitled to immediate possession or enjoyment (*United States* v. *Jones*, 236 U. S. 106, 35 Sup. Ct. 261, 59 L. Ed. 488, Ann. Cas. 1916A 316; *McCoach* v. *Pratt*, 236 U. S. 562, 35 Sup. Ct. 421, 59 L. Ed. 720; *Coleman* v. *United States*, 250 U. S. 30, 39 Sup. Ct. 414, 63 L. Ed. 826; *Sage* v. *United States*, 250 U. S. 33, 39 Sup. Ct. 415, 63 L. Ed. 828. \* \* \*

\* \* \* \* \* \* \*

\* \* \* On July 1, 1902, the only unadjusted matters, so far as shown, were claims for taxes for relatively small sums. These were not finally disposed of until November, 1903.

On July 1, 1902, therefore, the trustees were entitled to the possession of the funds and all the beneficiaries to the immediate enjoyment of the income thereof, with the exception of the amount involved in controversies over taxes. The executors might then have paid over the balance of the estate in their hands to the trustees, retaining funds sufficient to satisfy the claims in dispute. The amount on which the taxes here in question were assessed is not shown to have exceeded the amount of such balance. The beneficial interests were, therefore, vested, and taxes were properly assessed thereon. \* \* \*

Also, in *Woerishoffer* v. *United States*, 269 U. S. 102, the Supreme Court held that where residuary legatees were entitled to demand and collect legacies they were vested in possession and enjoyment even though the executors did not fully distribute the legacies because of unpaid taxes. There it was said:

Under the laws of New York, the time for the presentation of claims against the estate had expired before July 1, 1902, and before that date the legatees were entitled to the full payment of their legacies. Under the laws of the United States (Act of March 2, 1901, c. 806 § 11, 31 Stat. 938, 948), the time within which payment of the tax was required to be made had also expired before July 1, 1902. Before that date, all the testators' debts and all the specific legacies had been paid, and each of the residuary legatees had received, on account of the residuary bequest, $910,000, partly in cash and partly " in securities at New York Stock Exchange values " assented to by the legatees. Between that date and the end of the year 1908 each received in cash further sums aggregating $210,953.66. Some of the assets were still undistributed when the evidence was taken in this suit. The reason why no further or complete distribution of the residuary estate was made by the executors prior to July 1, 1902, was that they anticipated that the estate would be liable for payment of a New York estate transfer tax and the federal inheritance tax, for attorneys' fees, and other expenses of administration, and that the exact amount

of the residuary estate left for distribution could therefore not be definitely determined prior to July 1, 1902.

The contention that the taxes had not been imposed prior to July 1, 1902, because no formal assessment had in fact been made by the Treasury Department before that date, is disposed of by *Chochran* v.*United States*, 254 U. S. 387, 41 S. Ct. 166, 65 L. Ed. 319. The contention that the interests of the residuary legatees in that portion of the estate not distributed prior to July 1, 1902, were contingent beneficial interests, not absolutely vested in possession or enjoyment, is disposed of by *Kahn* v. *United States*, 257 U. S. 244, 42 S. Ct. 85, 66 L. Ed. 215, *Simpson* v. *United States*, 252 U. S. 547, 40 S. Ct. 367, 64 L. Ed. 709, and earlier cases. * * *

See also *Blood* v. *Kane*, 130 N. Y. 514, and *Thomas* v. *Troy City National Bank*, 19 Misc. (N. Y.) 470. In the latter case it was said:

There are no outstanding debts against the testator's estate. If that is so there is no trust in relation to the estate to be executed and no need for further administration. The title or estate which the widow and daughter took as executrices ended before their death. They were also entitled to the beneficial estate as legatees under the will. These two estates meeting in the same persons were merged and the widow and daughter became vested in their own right each to an undivided one-half of the entire interest in the property absolutely.

We conclude that the respondent was in error in denying the deduction to the petitioners, our belief being that the note was vested in the petitioners.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*