OPINION. Smith, Judge: The question presented is whether under the facts stated in our findings the petitioner is entitled to deduct from gross income in his return for 1941 $23,318.53 of the debt of Edward G. King owed to the partnership of Chauncey & Co., dissolved by the death of petitioner’s father, which debt became worthless in 1941. The deduction is claimed by the petitioner as a worthless debt. In the deficiency notice the respondent disallowed the deduction of the $23,318.53 for the reason that it: * * * represents a deduction made by you in connection with the liquidation of the interest of C. Edgar Anderson in the firm of Chauncey and Company. You have failed to show that there existed as at December 31, 1940 any value to the item claimed nor have you shown any acceptable identifiable event occurring in the year 1941 to sustain your claim to this deduction. The respondent now admits that the debt of Edward G. King to Chauncey & Co. became worthless in 1941 as a result of his expulsion from the Stock Exchange without any assets except the seat on the Stock Exchange standing in the name of Edward G. King, the cost of which had been borne by the firm. He still insists, however, that the amount is not a legal deduction from petitioner’s gross income. His theory of the case is that the new partnership of Chauncey & Co. assumed the liability to pay to the estate of C. Edgar Anderson $249,-811.57; that a balance of $49,825.57 was owing to the estate as of December 31,1941, before any charge-off; and that there is no evidence that the new partnership was insolvent or unable to pay. such indebtedness. He further contends that the petitioner as a legatee of his father gratuitously relieved the new partnership from the payment of $34,-977.80 on December 31,1941, and that such forgiveness of the debt did not give rise to any deduction from gross income on the part of the petitioner. The only articles of copartnership shown by the record are those •which were executed by the partners on December 31, 1938. Those articles of copartnership were to be effective for only one year. The death of C. Edgar Anderson on October 1, 1939, dissolved the partnership. The surviving partners continued the business of Chauncey & Co. and the books of account of the new partnership show an indebtedness to the estate of C. Edgar Anderson equaling the amount receivable by such estate. That liability was not liquidated within the period of time required by the articles of copartnership in effect at the date of C. Edgar Anderson’s death. Approximately $200,000 of the amount was paid within six months of the date of death. The petitioner, speaking for himself and his sister, who are the legatees of his father, whose estate had been distributed, testified that “realizing that a brokerage firm could not liquidate in a very short time, we accepted. $200,000 on account with future payments to come after liquidation would take place.” What the articles of copartnership of the new firm provided with respect to its liability to the estate of C. Edgar Anderson if a new partnership agreement should be entered into is not disclosed by the record. When the new firm was unable to collect from Edward G. King the amount of his indebtedness, the petitioner was advised that this was an account due the old firm and that the estate of C. Edgar Anderson would have to bear its portion of the loss, which was determined to be $34,977.80. The petitioner granted this contention and the indebtedness of the new firm to the estate was reduced by a like amount on December 31, 1941. It is the petitioner’s contention that, since he was a distributee of his father’s estate and was entitled to receive two-thirds of the balance owed to Iris father’s estate by the new firm, he is entitled to consider Edward G. King his debtor and entitled to the deduction of $23,318.53 claimed in his return for 1941. We think that it is apparent that the credit balance due from Edward G. King was an asset of Chauncey & Co. In Guggenheim v. Helvering (C. C. A., 2d Cir.), 117 Fed. (2d) 469; certiorari denied, 314 U. S. 621, it was held that under the New York Partnership Law a deceased partner’s executors had no interest in the firm’s assets, but only the right to an accounting. We therefore think that in the instant proceeding the petitioner was not in 1941 a creditor of Edward G. King and that he is not entitled to the deduction of any part of King’s indebtedness to Chauncey & Co., which became worthless in 1941. A. taxpayer is not entitled to deduct from gross income any part of a worthless debt owed to some one other than the taxpayer. In Lillie V. Kohn, 16 B. T. A. 662, the question was whether the residuary legatees were entitled to deduct in 1922 a loss on a note which had been valued at par on the date of the death of the decedent and became worthless in 1922. We held that the note was vested in the residuary legatees, since the debts and legacies of the estate had been paid, and that they were entitled to the deduction. It will be noted that' in that case the maker of a note was indebted to the estate of the decedent and to the residuary legatees. It was a debt due to them. The worthlessness of such a debt was a legal deduction from gross income. That case is distinguishable on its facts from the proceeding at bar. Decision will be entered for the respondent.